JORDAN V. BUSCHMEYER *et al., Plaintiffs in Error.*

1. **Pleading:** PRACTICE: FRAUD. In a suit to divest a wife of title to land conveyed to her by her husband in fraud of his existing creditors, it is not necessary to allege fraud in fact on her part.

2. **Fraudulent Conveyance:** HUSBAND AND WIFE. A conveyance to the wife of land obtained with the means of the husband is constructively fraudulent, as against his existing creditors, in the absence of any satisfactory showing to the contrary.

3. **Practice:** ANSWER: REPLY. No reply is required to an answer which is but a denial of the allegations of the petition.

4. ———: DECREE: ENTRY OF SPECIAL FINDING. It is not essential that a court should enter a special finding of the facts necessary to support a decree. The general finding that a party is entitled to the relief decreed is sufficient.

5. ———: ———: PRESUMPTION. In the absence of any showing to the contrary a decree will be assumed to have been predicated upon sufficient evidence.

*Error to Gasconade Circuit Court.*—HON. A. J. SEAY,
Judge.

AFFIRMED.

THIS suit was brought for the purpose of divesting plaintiff in error, Caroline Buschmeyer, of the title to one hundred and twenty acres of land in Gasconade county and for general relief.

The petition alleges that in July, 1880, Henry Schuch owned the land described and conveyed it to plaintiff in error, Caroline Buschmeyer, for $1,150; that Caroline was the wife of Henry L. Buschmeyer (also a defendant); that, at the time of the said conveyance, Henry L. Buschmeyer owed Jordan three hundred dollars; that, on the day said conveyance was made, Henry Buschmeyer obtained from Jordan fifty dollars upon the representation that he, Henry, was about to buy said land from Schuch and that said fifty dollars was to be paid as a part of the purchase price of said land; that said Henry L. paid a further sum of one hundred dollars, and that, for the balance of the purchase money, plaintiffs in error executed to said Schuch a mortgage for one thousand dollars on said land, which mortgage has since been paid by Henry Buschmeyer; that afterwards, in 1884, Jordan obtained judgment against Henry L. Buschmeyer for four hundred and twenty-five dollars (which judgment included said sums of three hundred, and fifty dollars) and that the sheriff sold said land under said judgment and Jordan became the purchaser at sheriff's sale; that plaintiffs in error had fraudulently procured the deed from Schuch to be executed in the name of Caroline Buschmeyer for the purpose of defrauding the creditors of Henry L. Buschmeyer and particularly Jordan; that in fact Henry L. Buschmeyer became the equitable owner of the land; that F. J. Langendoerfer, co-defendant, holds a mortgage on the land for eleven hundred dollars, and the monthly rents and profits of the land are worth twenty-five dollars a month.

The plaintiffs in error, in their answer to Jordan's petition, denied all the facts set forth except that they admitted that Schuch had owned the land and that he conveyed the same to Caroline Buschmeyer. They admitted that the Schuch mortgage is paid and that the Langendoerfer mortgage is unpaid ; but alleged that all the payments for said land were made by plaintiff in error, Caroline Buschmeyer, out of her own separate means and estate.

There was no replication to the answer.

Upon a trial the circuit court rendered judgment for Jordan as prayed without stating specific findings of facts, except that it "finds that plaintiff (Jordan) is entitled to relief prayed for in his petition, subject to the payment by plaintiff (Jordan) to defendant, Caroline Buschmeyer, of the sum of fifty dollars with interest at six per cent. from July 3, 1880." The evidence was not preserved by bill of exceptions. The cause is brought here by writ of error to determine the sufficiency of the petition and the correctness of the judgment.

*Louis Hoffman* for plaintiffs in error.

(1) The judgment may be reviewed without the bill of exceptions, the errors being apparent upon the record proper. *State v. White*, 61 Mo. 441 ; 29 Mo. 259 ; *Banking and Ins. Co. v. Knaup*, 55 Mo. 154. (2) The petition does not state a cause of action against Mrs. Carolina Buschmeyer. It does not state facts connecting her with any fraudulent transaction. *Pier v. Heinrichoffen*, 52 Mo. 333 ; *Scott v. Robards*, 67 Mo. 289 ; *Frazer v. Roberts*, 32 Mo. 457 ; 2 Tidd's Prac. 919. (3) The answer sets up new matter and a complete defense, which was not denied by replication and the necessity of a replication could not be waived by a married woman. She was not competent to employ an

attorney.   She was a *feme-covert* and not *sui juris* and
the court below was bound to preserve her legal rights
strictly.   *Higgins v. Peltzer*, 49 Mo. 152 ; R. S. 1879,
sec. 3525.   (4)   The judgment itself shows upon its face
that the court did not find Carolina Buschmeyer guilty of
fraud by allowing her fifty dollars, with interest from
July 3, 1880, the date of the deed.

*E. M. Clark* for defendant in error.

The petition states all the constitutive facts necessary
to warrant the court in granting the relief prayed for.
The answer sets up no new matter.   Pomeroy's Rem.
Rights [2 Ed.] secs. 691, 692, 699, and cases cited ; *State
ex rel. v. Rau*, 93 Mo. 126.   The petition and answer
show that the only material fact submitted to the trial
court was, whether Henry L. or Caroline Buschmeyer
(out of her separate means) paid the purchase money.
The decree shows that the issues raised by the answer
were tried as if reply had been filed.   It will be taken
as though a replication had been filed when the record
shows that the issues raised by the petition and answer
were tried and passed upon by the court.   *State ex rel. v.
Williams*, 77 Mo. 463 ; *Meader v. Malcolm*, 78 Mo. 55 ;
*Henslee v. Cannefax*, 49 Mo. 295.

BARCLAY, J.—I.   The petition states sufficient facts
to justify the relief granted.   It was not necessary to
allege any fraud in fact on the part of Caroline Busch-
meyer.   As against an existing creditor of her husband,
a conveyance for, and to her, obtained with his means,
would be constructively fraudulent in the absence of
any satisfactory showing to the contrary.

II.   No reply to the answer in this case was neces-
sary.   The petition alleged that the consideration for
the conveyance to Caroline was furnished by the hus-
band, Henry L. Buschmeyer.   The answer asserted that

the consideration was furnished from the separate means of Caroline. This latter statement amounted to no more than a denial of the petition in this particular and required no reply.

III. It was not essential that the court should enter a special finding of the facts necessary to support the decree it passed. The general finding that plaintiff was "entitled to the relief prayed for in his petition" was sufficient. The decree was within the scope of the case made by the petition. In the absence of any showing to the contrary it will be assumed to have been predicated upon sufficient evidence.

There is no error in the record and accordingly the judgment is affirmed. The other judges concur.