JOHN LAWLESS, Respondent, v. P. J. LAWLESS, Appellant.

Kansas City Court of Appeals, January 18,1892.

1. **Res Adjudicata ;** PARTNERSHIP : JOINT PROPERTY : ACCOUNTING. Plaintiff filed his petition against defendant for a discovery and accounting, alleging they had conducted their business as partners. Defendant filed a general denial and on his motion the court tried as a preliminary question, whether the parties were partners, and the court found the issue in favor of the defendant and adjudged that no partnership existed between them. Plaintiff then filed an

amended petition, omitting the allegation of partnership, but averring simply the joint work of the parties and that the joint products thereof were kept and held by defendant. *Held,* the former judgment of no partnership did not adjudicate and settle the matters in the amended petition and was not a bar to further proceedings.

2. **Judgments:** DECREE IN EQUITY : SPECIAL FINDINGS : PLEADINGS. It is not essential that the court should enter a special finding of facts necessary to support the decree. A general finding is sufficient. The judgment in this case examined and found within limits of the pleadings.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Buler & Timmonds,* for appellant.

(1) This suit, as originally instituted, was a suit in equity for the settlement of partnership accounts; and it could not be maintained without proof that the parties were partners as alleged in the petition. R. S. 1889, sec. 2238 ; *Clements v. Yeates,* 69 Mo. 623 ; *Leabo v. Renshaw,* 61 Mo. 292 ; *Murphy v. Bedford,* 18 Mo. App. 283. (2) The question as to whether a partnership existed was one of law and fact, and as such was properly tried and determined by the court. *Adams v. Helm,* 85 Mo. 468 ; *Cumpston v. McNair,* 1 Wendell, 457 ; *McMullen v. McKenzie,* 2 Green (Iowa) 368 ; *McDonald v. Matney,* 82 Mo. 358. (3) If upon such finding and judgment the plaintiff had filed a new petition setting forth a different cause of action, it would have been demurrable, or might have been stricken out, and he could not have recovered upon it. *Hall v. School Dist.,* 36 Mo. App. 21 ; *Clements v. Greenwell,* 40 Mo. App. 595; *Lumpkin v. Collier,* 69 Mo. 170. (4) The finding and judgment of the court that there was no partnership between plaintiff and defendant was conclusive upon that point. *Risher v. Roush,* 2 Mo.

95; *Slagle v. Murdock*, 65 Mo. 524; *Richardson v. Jones*, 16 Mo. 177; *Penrose v. Green*, 1 Mo. 774; *Craig v. Mississippi Mills*, 12 Mo. App. 585; *Rogers v. City of St. Charles*, 3 Mo. App. 41; *McGregor v. McGregor*, 21 Iowa, 441; *Hayes v. Reese*, 34 Barb. 151; *Goodrich v. Railroad*, 38 N. H. 390. (5) The facts stated in the amended petition, if proven, establish the existence of a partnership between plain-tiff and defendant as a matter of law. *Rankin v. Farley*, 29 Mo. App. 593; *Kellogg Newspaper Co. v. Farrell*, 88 Mo. 594; *Plummer v. Trost*, 81 Mo. 425; Story on Partnership, chap. 1; 1 Lindley on Part. chap. 1; *Lengel v. Smith*, 48 Mo. 277; *Myers v. Field*, 37 Mo. 439; *Priest v. Chouteau*, 12 Mo. App. 252. Both petitions stated a cause of action in equity for a settlement of partnership matters. Without proof of partnership relations, and a settlement and adjustment thereof, the court could not properly render any judg-ment at all in favor of the plaintiff. (6) The last judgment rendered is simply a judgment at law, and is not responsive to the issues presented in the pleadings. *Ross v. Ross*, 81 Mo. 84; R. S. 1889, sec. 7192; *New-ham v. Kenton*, 79 Mo. 382.

*Thurman & Wray*, for respondent.

(1) The plea of former recovery is very equitably and liberally construed by the courts, and if the subject-matter of the two suits is different, and the same ques-tion not in fact ligitated, it is no bar. *Railroad & Trans. Co. v. Traube*, 59 Mo. 362; *Spradling v. Conway*, 51 Mo. 53; *Hickerson v. City of Mexico*, 58 Mo. 65; *Clemens v. Murphy*, 40 Mo. 122. (2) To con-stitute a former judgment a bar, there must be the same parties or privies and the same subject-matter. *Ridgley v. Stillwell*, 27 Mo. 128; *Offutt v. John*, 8 Mo. 120. (3) The joint ownership of property does not constitute a partnership, and there is no allegation

in the amended petition from which a partnership can be inferred. *Donnel v. Harshe*, 67 Mo. 170; *Stallings v. Baker & Young*, 15 Mo. 481; *Musser v. Brink*, 68 Mo. 242; *Ashby v. Shaw*, 82 Mo. 760. (4) The answer and trial on the merits waived the objection that the amended petition changed the cause of action. *Scovill v. Glassner*, 79 Mo. 449; *Simms v. Field*, 24 Mo. App. 557; *Lawless v. Lawless*, 39 Mo. App. 539. (5) It is not necessary that the court should have made a special finding of facts. Finding the issue for plaintiff was sufficient. *Jordon v. Buschmeyer*, 97 Mo. 94. (6) A partition of personal property may be had in equity, and the court has jurisdiction to make all orders necessary to a settlement and adjustment between joint owners. 1 Pomeroy's Equity, sec. 185; 3 Pomeroy's Eq., secs. 1391, 1392; *Fobes v. Shattuck*, 22 Barb. 568; *Teriney v. Stibbins*, 28 Barb. 290; *Westmore v. Zabriskie*, 29 N. J. Eq. 62; *Smith v. Smith*, 4 Rand. 95–102; *Kerley v. Clay*, 4 Bibb. 241; *Marshall v. Crow's Adm'r*, 29 Ala. 278; *Conover v. Earl*, 26 Iowa, 167; *Smith v. Dunn*, 27 Ala. 315. (7) One of the most important branches of equity jurisdiction is that of accounting, and the recovery is pecuniary. 1 Pomeroy's Eq., sec. 186; Adam's Eq. 220, [5 Am. Ed.] side page; 1 Story Eq., secs. 442, 442a. (8) Where a court of equity has acquired jurisdiction it will retain it for the purpose of doing full and complete justice between the parties. *Savings Inst. v. Collonious*, 63 Mo. 290; *Alexander v. Relfe*, 74 Mo. 495; *Purdy v. Gault*, 19 Mo. App. 191, and cases cited.

GILL, J.—Plaintiff and defendant are brothers, and from 1873 to 1886 were engaged jointly in work as mechanics, farming, etc., were living together, caring for their mother, and investing and keeping their earnings in common. A dissolution of their joint business took place in 1886, and soon thereafter plaintiff brought this action for an accounting. In the first petition it

was alleged that the two brothers conducted their business as partners; that defendant received the proceeds of the copartnership work and kept the books of account, etc., and had deprived the plaintiff of any share or control of the assets, concluding with a prayer of discovery and accounting. To this petition defendant filed an answer in the form of a general denial. At the February term, 1888, defendant filed a motion, requesting the circuit court to try and determine as a preliminary question, and as a separate issue, whether or not the relation theretofore existing between these brothers was one of *partnership* as alleged in the petition. This motion was sustained; and, after a hearing had on this single issue, the court found said issue "in favor of the defendant, and that the parties, plaintiff and defendant, were not partners as alleged in plaintiff's petition;" and it was "therefore considered and adjudged that no partnership existed between said parties."

At the following term plaintiff filed his amended petition, omitting the allegation of partnership, but alleging simply the joint work of the parties for the thirteen years, 1873 to 1886; that the joint products of their labors were kept and now exclusively held and claimed by the defendant who refused to account to the plaintiff for his share; that the plaintiff could not give an itemized account of such earnings, since defendant kept the books, etc., and plaintiff closed his amended petition with the prayer "to require defendant to account for the property and proceeds of same jointly owned by plaintiff and defendant, and make an equitable division and partition of the same, as to the court may seem right and proper, and for all other proper relief." To this amended petition defendant interposed, *first*, a general denial, and, *second*, a plea of *res adjudicata*, alleging in substance that the judgment entered on the special issue as to the partnership barred any right in plaintiff to recover on the facts set out in

the amended petition. The trial court declined to regard this finding and judgment as to the partnership a bar to the action, but proceeded to hear the case on its merits, and on an accounting found defendant indebted to plaintiff in the sum of $437.61, and for this amount rendered judgment from which defendant appealed.

I. Defendant's counsel have urged two reasons for reversal: *First*, it is contended that the subject-matter contained in the amended petition was adjudicated and settled by the judgment on thei ssue of partnership, and, therefore, said judgment was a bar to the further proceeding, and, *second*, that the judgment rendered at the final hearing was not responsive to the issues tried.

As to the first point, we must hold with the plaintiff, that the preliminary judgment entered by the court, which decided that the relation of partners did not exist between plaintiff and defendant, did not bar or estop the plaintiff from a further prosecution of his case, as set out in the amended petition. The matters set out in the amended petition were not necessarily involved and determined by the former judgment, for what reason is not clear; the defendant, in advance of a trial on the substantial merits of the case, asked and the court gave its decision on the one question, to-wit, whether or not plaintiff and defendant conducted their business as a technical partnership. On the hearing of that side issue the trial court held and adjudged that there was not a legal partnership between the parties. The judgment in that anomalous proceeding recites that " it is, therefore, considered and adjudged that *no partnership* existed between said parties," and this was the full scope of the judgment. Before a former judgment can be held to estop the parties in any future litigation it must appear that the particular matter was *necessarily* tried and determined in such former trial. Wells on Res Adjudicata, sec. 3, *et seq.*

It does not follow because the court adjudged that no partnership existed between plaintiff and defendant,

that it was thereby determined that they never engaged in business together, nor pooled their earnings, as is in effect alleged in the amended petition. The court in the [trial of the issue of partnership may have found every material fact necessary to plaintiff's recovery against defendant, and yet have rightly held that there was no partnership. Indeed, as to whether or not these brothers were in all respects copartners, is a matter of little or no consequence in so far as this case is concerned. Whether a legal partnership existed or not is immaterial, if in fact they jointly prosecuted certain work and accumulated various earnings which were held unaccounted for by the defendant. Whether a partnership or not, a court of equity will require such accounting and adjust the differences. This is a well-known matter of equitable jurisdiction.

II. The remaining point relates to the character of the judgment entered on the final hearing. Said judgment recites that "the court having fully examined and considered the matters and facts at issue finds for plaintiff in the sum of $437.61," following with disposition of costs, etc. We discover no substantial objection to the judgment. "It is not essential that the court should enter a special finding of the facts necessary to support the decree." A general finding that plaintiff is entitled to the relief, etc., is sufficient. *Jordon v. Buschmeyer*, 97 Mo. 94. In the absence of a showing to the contrary we shall assume that the judgment was warranted by the evidence. We assume, therefore, that the trial judge made an accounting between the parties and found of the assets belonging to the parties, there was $875.22 in money undistributed and held by the defendant; and that of this sum the plaintiff was entitled to the one-half, to-wit, $437.61, the amount of the judgment. The judgment was entirely within the limits of the pleadings, and, as we must assume, also supported by the testimony, since none of the evidence is brought here. Judgment affirmed. All concur.