## Patton, *Appellant*, v. Bragg *et al.*

### Division Two, January 31, 1893

1. **Fraudulent Conveyance:** DEED TO WIFE: PRESUMPTION. Where an insolvent judgment debtor sells and conveys land to his brother and the latter conveys part of the same premises to the debtor's wife, it will be presumed in the absence of evidence to the contrary that the husband furnished the consideration for the deed to his wife and in such case the deed is fraudulent as to the judgment creditor without any showing of actual fraud.

2. ———: ———. Where the judgment creditor seeks to set aside such conveyance to the wife as fraudulent because the consideration was paid for by the husband, it is no defense that the debtor has other property on which the judgment is a lien since it is a lien on both and the creditor has a right to follow either

| | |
|---|---|
| 113 | 595 |
| 56a | 405 |
| 113 | 595 |
| 127 | 134 |
| 113 | 595 |
| 65a | 200 |
| 113 | 595 |
| 146 | 132 |
| 150 | 413 |
| 113 | 595 |
| f152 | 411 |
| 152 | 656 |
| 113 | 595 |
| 154 | 424 |
| 113 | 595 |
| 166 | 494 |
| 113 | 595 |
| 171 | 1401 |
| 95a | 735 |

*Appeal from Shelby Circuit Court.*—Hon. T. H. Bacon, Judge.

REVERSED AND REMANDED.

*John A. White* and *J. L. Berry* for appellant.

(1) Plaintiff's evidence makes a *prima facie* case (*Bucks v. Moore,* 36 Mo. App. 529, and authorities cited in opinion); and casts the burden on the wife to show that she paid for the land with her own separate means. *Hoxie v. Price,* 31 Mo. 82; *Sloan v. Torry,* 78 Mo. 625; *Jordan v. Buschmeyer,* 97 Mo. 94; *Woodson v. Pool,* 19 Mo. 345; *Oliver v. Moore,* 23 Ohio St. 473. Taking the conveyance during coverture, the burden is on the wife to show that she actually paid for the land with her own means. Bump on Fraudulent Conveyances [2 Ed.] p. 306.    (2) The conveyance to the wife being in fraud of creditors, the land was that of the husband and the transcript judgments constituted a lien thereon. *Slattery v. Jones,* 96 Mo. 216.    (3) The wife is a voluntary grantee, and with notice. She must have known her husband's financial circumstances and the purpose of the conveyance to her. The deed was fraudulent. She sets up no case in the answer. She is not in a condition to call on the court for any equitable interference in her behalf. If the property is her's she must aver and prove it. We are not compelled to first pursue the judgment debtor's interest in his father's estate, and the wife has no equity to insist that we shall do so. *Snell v. Harrison,* 104 Mo. 158. It is not necessary to allege or show that the wife participated in the fraud (*Jordan v. Buschmeyer, supra*) nor that she have actual knowledge. Bump on Fraudulent Conveyances [2 Ed] p. 200.    (4) The giving of the two deeds of trust by Lycurgus Bragg and his wife, is a badge of fraud. Why and for what purpose were they given? Agnew does not aver in the answer, or attempt to show, that these transactions, apparently so unusual when viewed in the light of the pleadings and evidence, were *bona fide.*

*R. P. Giles* for respondents.

(1) The plaintiff's evidence fails to make out a case entitling him to any relief from a court of equity. Where a party has an adequate and complete remedy at law a court of equity will not interpose except as to matters coming under some peculiar head of concurrent equity jursidiction. *Cabanne v. Lisa,* 1 Mo. 682; *Janney v. Spedden,* 38 Mo. 395; *Maguire v. Taylor,* 47 Mo. 115; *Levering v. Snell,* 78 Mo. 167; *Moore v. Wingate,* 53 Mo. 398. It is a familiar principle that where a party has adequate and complete remedy at law, equity jurisdiction cannot be invoked. *Levering v. Snell,* 78 Mo. 167; *Moore v. Wingate,* 53 Mo. 398; *Woolfolk v. Kemper,* 31 Mo. App. 421; *Holland v. Johnson,* 80 Mo. 34; *Thias v. Siener,* 103 Mo. 314. In a proceeding by a creditor to set aside a deed on the ground of fraud, it is necessary first that he should exhaust all legal remedies, and a court of equity will not interpose except in the last resort after the creditor has shown that he has no remedy at law. *Merry v. Fremon,* 44 Mo. 518; *Alnutt v. Leper,* 48 Mo. 319. (2) It was not necessary for the defendants to plead that plaintiff had an adequate remedy at law—the cases of *Blair v. Railroad,* 89 Mo. 383, and *Shickle v. Watts,* 94 Mo. 410, holding that doctrine have been expressly overruled in the recent case of *Humphreys v. Milling Co.,* 98 Mo. 542, where it is held that if the petition be one in equity, and at the hearing the plaintiff fails to show a case in which he is entitled to any equitable relief should be dismissed. *Humphreys v. Milling Co., supra.* Under our practice act the plea of remedy at law in a suit in equity is unknown. It has no place in our system of pleading. *Humphreys v. Milling Co., supra.*

GANTT, P. J.—This is a suit in equity to set aside a deed from W. K. Bragg to Della Bragg on the ground of fraud, and to subject the land thereby conveyed to the satisfaction of two transcript judgments in favor of plaintiff against Lycurgus Bragg, the husband of defendant, Mrs. Della Bragg. The defendant Agnew was made a party on account of his interest in the land, the same having been mortgaged to him for $1,000, June 29, 1889. The answer was a general denial.

At the trial it was shown that on the twenty-eighth day of July, 1888, the plaintiff recovered a judgment against the defendant, Lycurgus Bragg, for $131.71 and $5.45 costs before J. W. Evans, J. P., of Clay township in Shelby county, Missouri, and on the same day execution was issued thereon to R. E. Dale constable of said township, returnable in ninety days, and on the thirtieth day of July, 1888, a transcript of this judgment was duly filed in the office of the clerk of the circuit court of Shelby county in said state, to secure a lien on real estate.

The plaintiff also recovered a judgment against said defendant, Lycurgus Bragg, on said twenty-eighth day of July, 1888, before said J. W. Evans, J. P., for the sum of $100 and $5.80 costs, a transcript of which was duly filed the thirtieth day of July, 1888, in the office of the said clerk of the circuit court of Shelby county aforesaid to secure a lien on real estate, and that execution was issued by said justice thereon on the thirtieth day of July, 1888, to R. E. Dale, constable of said township, returnable in ninety days.

That both of said transcripts so filed were by said clerk of the said circuit court duly recorded in his said office in a book by him then and there kept for that purpose. That on the twenty-ninth day of October, 1888,

the said executions so issued in both of said cases were by R. E. Dale, constable as aforesaid, duly returned "No property found in Shelby county of the defendant whereupon to levy." That afterwards on the fifth day of June, 1889 supplemental transcripts of the docket of the justice of the peace in said cases were duly filed in the office of said clerk of the circuit court of Shelby county aforesaid showing the issuing of said executions on said judgments and the return of said constable of "no property found," as aforesaid.

It was also shown that on said thirtieth day of July, 1888, transcripts were filed in the office of said clerk of two judgments rendered before said justice in favor of Sommer, Lynds & Co., and against said Lycurgus Bragg, one for $122.35 and the other for $69.39.

That in October, 1888, after the plaintiff had procured his said judgment liens as aforesaid, S. J. Bragg, father of defendant, Lycurgus Bragg, died intestate seized of a large tract of land in Shelby county, in the state of Missouri, to-wit: The south half and the south half of the northeast quarter, and the northwest quarter of the northeast quarter and the southeast quarter of the northwest quarter of section 23, township 59, range 9, except eleven acres in the northwest corner of the northwest quarter of the northeast quarter, also west half of the southwest quarter and the south half of the southwest quarter of the northwest quarter of section 24, township 59, range 9, containing five hundred and sixty-nine acres and including the land in suit. The defendant, Lycurgus Bragg, was an heir and entitled to and became seized, as shown by the testimony offered by the plaintiff, of his share in said real estate. That in the spring of 1889 the said Wm. K. Bragg bought out the interest of the other heirs, paying to Samuel B. Bragg, a brother, for his interest the sum of one thousand ($1,000) dollars.

The evidence of W. G. Sanders, the sheriff of Shelby county, tended to show that Lycurgus Bragg was utterly insolvent. In June, 1889, Lycurgus Bragg and wife conveyed all his interest in his father's lands to Wm. K. Bragg, by quitclaim in which another brother and sister joined. The consideration named was $3,000. On the twenty-eighth of June, 1889, Wm. K. Bragg and wife conveyed a part of the same land to the defendant, Della Bragg. On June 29, the mortgage to Agnew was executed to secure a joint note of Lycurgus and Della Bragg for $1,000 of date May 6, 1889. Another deed of trust of May 6, 1889, was read in evidence given by same parties to Agnew to secure $1,000. There was no evidence to show what was Lycurgus Bragg's interest in his father's estate and we are left to infer or surmise as to its value from the consideration named in the deeds.

At the close of plaintiff's case, defendant offered a demurrer to the evidence and it was sustained. After an ineffectual effort to obtain a new hearing the plaintiff appealed to this court.

I. The demurrer to the evidence admitted every fact which the trial court might fairly infer therefrom. By sustaining it the circuit court determined as a matter of law that even though he should believe all the evidence offered, plaintiff could not recover. *Healy v. Simpson, ante*, p. 340. This necessitates an inquiry as to the effect of this evidence, conceding its credibility. From this testimony he must have found, *first*, that Lycurgus Bragg was insolvent and that the sheriff with four several executions against him had not been able to find any property out of which to satisfy either of them. *Second*, that a brother of Lycurgus Bragg immediately after receiving a deed to the interest of Lycurgus in his father's estate had conveyed a portion of the same lands to Della Bragg, the wife of Lycurgus.

Combining the two ultimate facts thus found, the court, in the absence of any pleading or evidence to show that the wife had paid for this land out of her own means, could have reasonably found what the law presumes, that this property thus acquired during coverture was paid for with the means of her husband. *Sloan v. Torry*, 78 Mo. 623; *Weil v. Simmons*, 66 Mo. 617; *Seitz v. Mitchell*, 94 U. S. 580.

Having found a conveyance to her during coverture, obtained with his means, it was not necessary that any actual fraud on her part should be shown. The transaction as to the plaintiff, who was an existing creditor, was fraudulent in law. *Jordan v. Buschmeyer*, 97 Mo. 94. Having found the conveyance was fraudulent, the trial court should have found the land was the property of the husband and plaintiff's judgments were a lien thereon, and rendered a decree as prayed.

The fact that Lycurgus Bragg had an interest in his father's lands upon which plaintiff's judgments were liens, is no defense to this action. If, as this evidence tends to show, he was the owner of this tract conveyed to his wife, the judgments were also liens upon that and plaintiff might have levied upon either and it is not for defendants to question his right or dictate terms, under the pleadings in this case and the facts shown. The maxim of a complete remedy at law has no application here.

Conceding then to plaintiff every fact which his evidence tended to prove and every fair inference to be drawn therefrom, it seems clear, he was aggrieved by the judgment of the circuit court, and the judgment is accordingly reversed and the cause remanded for proceedings in accordance herewith. All concur.