McGregor–Noe Hardware Company, Appellant, v. Malissa J. Horn *et al.*, Respondents.

### St. Louis Court of Appeals, February 4, 1896.

Jurisdiction, Appellate: CASE INVOLVING TITLE TO LAND. On an appeal in an action by a judgment creditor to set aside a conveyance of land of the judgment debtor as fraudulent, the cause will, under the present rulings on the subject, be transferred to the supreme court as involving the title to land.

*Appeal from the Wright Circuit Court.*—HON. ARGUS COX, Judge.

TRANSFERRED TO THE SUPREME COURT.

*G. M. Sebree* and *Thos. M. Musick* for appellant.

*F. M. Mansfield* and *L. F. Parker* for respondents.

BIGGS, J.—The defendants suggest the transfer of this cause to the supreme court, for the reason that the title to real estate is involved. The plaintiff is a judgment creditor of the defendant T. B. Horn, who is the husband of the defendant Malissa J. Horn. The proceeding is in equity to set aside a deed, conveying to the wife certain real estate in Wright county. It is alleged that the property was purchased with the money of the husband, and that the conveyance was made to the wife for the purpose of defrauding the plaintiff. The trial resulted in a finding for the defendants.

Our attention has been called to the cases of *Patton v. Bragg*, 113 Mo. 595, and *Miller v. Leeper*, 120 Mo. 466, both of which present similar facts. In those cases the appeals were taken directly to the supreme

court.   The question of jurisdiction was not discussed or referred to in either opinion, but the fact that the court retained and decided the cases is sufficient warrant for us to transfer this case, which will accordingly be done.   All the judges concur.