## HALSTEAD, Appellant, v. MUSTION.

### Division Two, January 17, 1902.

1. **Summons:** AMENDMENT BY RETURN: SUIT ON JUDGMENT. In a suit on a judgment against W. D. Mustion, the sheriff's return recited that he served the writ, etc., on "Pone Mustion," and the judgment by default in that cause recited that the defendant, W. D. Mustion, had been duly served with process fifteen days before the first day of the term of the court to which the summons was returned. Afterwards, in this suit to test the title of the purchaser at an execution sale under that judgment, this court, after appeal, permitted an amendment by the sheriff of his return which shows that Pone Mustion and W. D. Mustion were one and the same person. *Held*, that the service was sufficient to sustain the judgment.

2. **Deed to Married Woman:** PRESUMPTION: FRAUDULENT AS TO HUS-BAND'S CREDITORS. In the absence of any pleading or proof that land which was deeded to a married woman, and which it is sought to subject to the payment of her husband's debts, was paid for out of her own means, it is presumed in law that the land, thus deeded to her during coverture, was purchased and paid for with the money of her husband. And in such case, a deed to her, is, as to an existing and prior creditor of her insolvent husband, fraudulent, and is subject to the payment of his debts.

3. ————: FRAUDULENT: NECESSARY PROOF. Where there is no pleading or proof that the wife's money purchased the land deeded to her, it is sufficient to justify the court in decreeing that the wife holds the title as trustee for the benefit of her husband's creditors, who have bought it at a sheriff's sale under execution, to show a judgment against her husband and a *nulla bona* return, his insolvency, a deed during coverture to the wife, and sale of the lands under judgment and execution against the husband for a debt created prior to the date of the deed to her.

4. **Deference to Lower Court:** DOCUMENTARY EVIDENCE. Where the whole record is documentary, except proof of facts which are conceded, there is no reason for conceding to the trial court any advantage in the case over the appellate court.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED.

*James Orchard* for appellant.

(1)  In the absence of evidence or pleading that property in the name of a married woman, acquired during coverture, has been paid for by her separate means, the presumption of law is that it was paid for with those of the husband, and in such case it is not within the protection of the statute securing to the wife the money arising from the sale thereof ·or of her separate means.    Sloan v. Torry, 78 Mo. 623; Patton v. Bragg, 113 Mo. 600; Hoffman v. Nolte, 127 Mo. 134; McFerran v. Kinney, 22 Mo. App. 650.    (2) Where wife of insolvent debtor buys land and has the deed executed to herself, but pays for it with her husband's means, this constitutes a fraud against creditors and the property will be declared the property of the husband.    Miller v. Leeper, 120 Mo. 466; Garrett v. Wagner, 125 Mo. 450.    (3)  In order for a wife of an insolvent debtor to claim 'lands as her separate estate when sued by a creditor to subject the land to the payment of the husband's debts, she must set up in her answer and prove that the land was bought with her separate means.    A general denial is not sufficient to admit of proof to show that the property was purchased by her separate means.    Nicholson v. Flynn, 24 Mo. App. 577.    (4)  In a suit to divest a wife of title to land conveyed to her by or through her husband, or claimed to have been bought by her during coverture, it is not necessary to allege or prove fraud in fact on her part.

Jordan v. Buschmeyer, 97 Mo. 94.   (5)   In a suit by a
creditor or one who purchased land at execution sale of an
insolvent debtor, to subject lands deeded to wife during cover-
ture to the payment of the husband's debts, it devolves on the
wife setting up claim that she purchased with her separate
means to prove and rebut the presumption that the land was
purchased with her husband's money.   Hoffman v. Nolte, 127
Mo. 135; Patton v. Bragg, 113 Mo. 601.

*H. D. Green* and *A. H. Livingston* for respondent.

(1)   We have no contention to make with attorney for
appellant on the proposition that a judgment not void on its
face can not be attacked in a collateral proceeding.   Neither
do we contend that where the judgment proper recites that
service has been had, and there is nothing in the record to the
contrary, such a recital of service is conclusive.   But we do
contend that in the case at bar the recital of the judgment as
to service is not conclusive, but that the return of the sheriff
on the original summons is as much a part of the record as
the judgment.   And where the return shows that no service
was had upon the defendant and no appearance made, as in
this case, the recitals of the judgment are overturned and the
judgment is absolutely void for want of service.   Where it
appears from the entire record that the court had no jurisdic-
tion over the person, or subject-matter, the judgment is void
and will be so regarded in a collateral proceeding.   Howard
v. Thornton, 50 Mo. 291; Hope v. Blair, 105 Mo. 85.   The
judgment may be overthrown by other portions of the record
of equal dignity and importing the same verity, which demon-
strates that the recitals in the order or judgment are not true.
Hutchinson v. Shelley, 133 Mo. 400.   Although the record
contains the jurisdictional recital that "defendants have been
duly served with process," it is competent to overthrow such
recital by showing by other parts of the record of equal dignity

and importing equal vérity, that such recital is untrue. Cloud v. Pierce City, 86 Mo. 359; Williams v. Monroe, 125 Mo. 574; State v. Wear, 145 Mo. 162. And the return of the sheriff is a part of the record itself, and may, when radically defective, be used to rebut the presumption arising from recitals of service contained in other portions of the record. Cloud v. Pierce City, supra; Adams v. Cowles, 95 Mo. 501. (2) The amendment of the sheriff's return, permitted in this court, can not affect the judgment below. We concede that amendments may be made in this court for the purpose of sustaining the judgment of the lower court, but in no event, nor in any court, will they be permitted to overturn a judgment. Section 660, Revised Statutes 1899, is the only statute or authority, so far as we know, for permitting amendments after judgment. This statute permits such amendments only when in affirmance of the judgment, and not against the judgment. Stewart v. Stringer, 45 Mo. 113.

GANTT, J.—This is a suit in equity to have the defendant, Jane A. Mustion, declared a trustee for her husband, W. D. Mustion, as to certain lands in Howell county in this State, alleged to have been purchased by the husband with his own money and conveyed to the wife with intent to hinder, delay and defraud the creditors of her said husband, and to decree that the title to the same passed to plaintiff by virtue of an execution sale of said lands under a judgment of the circuit court of Howell county against her said husband, and a sheriff's deed to plaintiff by the sheriff in pursuance of said sale.

The answer was a general denial.

On the part of plaintiff the evidence consisted of the record of a judgment of the circuit court of Howell county in favor of Stillman Sessions against W. D. Mustion and P. P. Dobozy, at the November term, 1888, of said court, for the sum of $567.35, together with the costs of suit, which judg-

ment was founded upon a promissory note for $500 dated
January 15, 1887, and bearing interest at the rate of ten per
cent per annum. Execution issued on this judgment, and a
return of *nulla bona* on April 6, 1889. On November 7, 1893,
Sessions duly assigned this judgment on the margin of the
judgment to John Halstead for value received.

Afterwards, Halstead brought suit on this judgment re-
turnable to the October term, 1894, of the circuit court of
Howell county. The action was against W. D. Mustion and
P. P. Dobozy. The sheriff's return on the summons was in
these words: "Executed the within writ in the county of
Howell on the twenty-ninth day of September; A. D. 1894,
by delivering a copy of the summons and petition to Pone
Mustion and summons to P. P. Dobozy."

The suit was subsequently dismissed as to Dobozy. Af-
terwards, at the November term, 1894, judgment by default
and for want of an answer was rendered against defendant
W. D. Mustion, the record reciting that "it appeared to the
satisfaction of the court that defendant had been served with
process from this court more than fifteen days before the first
day of this term of this court and failing to appear or plead
to this cause, makes default," thereupon judgment was ren-
dered against him for $751.60 and costs and execution awarded
therefor. Execution issued and at the June term, 1895, the
sheriff, after due notice, sold the lands in suit to John Hal-
stead and executed and delivered to him a sheriff's deed which
is in due form, and recorded in the recorder's office of Howell
county in book 50, pages 358 and 359. And thereafter this
suit in equity was brought on August 17, 1895, returnable
to the October term, 1895, of said Howell Circuit Court.

Plaintiff introduced the files showing the pleadings, writs
and service and entries of the judgments above set out. He
also introduced evidence that defendant Jane Mustion was the
wife of W. D. Mustion and had been since about the year
1860. He also offered in evidence that W. D. Mustion was

insolvent, and then read in evidence a warranty deed from William L. Owings and wife to Jane Mustion to the land in suit acknowledged March 1, 1894, and recorded the same day.

This was all the evidence on part of plaintiff and defendant introduced no evidence and submitted the case to the court as upon a demurrer to the evidence, and the court thereupon rendered judgment for defendant and after ineffectual motions for new trial and in arrest plaintiff appealed to this court.

Since the filing of the transcript in this court, plaintiff moved this court for leave to the ex-sheriff of Howell county to amend his return on the summons in the case of Halstead v. Mustion and Dobozy, which was granted, and thereupon the said sheriff, F. L. Herrin, made his amended return on the said writ of summons whereby it appears that said summons was duly served on said W. D. Mustion, and that Pone Mustion, by which name said defendant was served on the twenty-ninth of September, 1894, is one and the same person with W. D. Mustion.

I.   The respondent insists that the circuit court properly dismissed the bill for the reason that there is no evidence in the record to show that Pone Mustion and W. D. Mustion are one and the same person and that the judgment against W. D. Mustion on service had on Pone Mustion is absolutely void.   If the court based its judgment on this view it was in error.   Independently of the amendment which we have allowed to be made by the sheriff who served the writ, pending the appeal in this court, which shows that Pone Mustion and W. D. Mustion are one and the same person, we have the finding of the circuit court that the defendant, W. D. Mustion, had been duly served with process fifteen days before the first day of the term of the court to which the summons was returnable.   Now, while it is the settled law in this State that a recital in an entry of judgment that the defendant had been duly served with process may be overthrown by other parts of the record of equal dignity and importing equal verity (Cloud

v. Pierce City, 86 Mo. 357), the question of jurisdiction must be decided by the whole record, and accordingly in Cloud v. Pierce City, the statement of Judge LEWIS in Rumfelt v. O'Brien, 57 Mo. 569, "that nothing is here to show that the several fragments exhibited in evidence constituted the whole record of the Union Bank case," was expressly held not to conflict with what was said in the Cloud case, and so it was again ruled in Adams v. Cowles, 95 Mo. 501.

In this case, while plaintiffs introduced certain files and entries in the case of Halstead v. Mustion, no effort was made to show that these documents constituted the whole record. Moreover, the record introduced shows service upon Pone Mustion, *non constat,* but he was W. D. Mustion by a different name, and for aught that appears to the contrary the circuit court might have heard testimony to prove that Pone Mustion was but another name for the defendant, W. D. Mustion, as the fact now appears by the amended return of the officer. We do not think the finding of the court that W. D. Mustion was duly served was rebutted or that the judgment should be held void even if the return had not been amended, but the amendment removes all doubt on the subject and the judgment was valid.

II. Can the court's decree be sustained on other grounds? The case made was this. Judgments against the husband, W. D. Mustion. *Nulla bona* returns. Proof of insolvency, and a deed during coverture to the wife and sale of the lands under judgment and execution against the husband.

No evidence of any kind was offered by the defendant to show she had purchased the lands in suit with her own means. In the absence of any pleading or proof that she paid for this land out of her own means it is presumed in law that this property thus acquired during coverture was purchased and paid for with the money of her husband. [Patton v. Bragg, 113 Mo. 601; Sloan v. Torry, 78 Mo. 625; Seitz

v. Mitchell, 94 U. S. 580; Weil v. Simmons, 66 Mo. 620; Hoffman v. Nolte, 127 Mo. 120.]

The presumption being that the land was bought with the insolvent husband's money, the deed as to plaintiff, who was an existing and prior creditor, was fraudulent in law. [Patton v. Bragg, supra; Jordan v. Buschmeyer, 97 Mo. 94.]

If, then, the conveyance was fraudulent in law it necessarily follows that it was the property of the husband, W. D. Mustion, and subject to sale for his debts and the judgment of plaintiff against him. [Miller v. Leeper, 120 Mo. 466; Garrett v. Wagner, 125 Mo. 450.]

Now, while this court is disposed to defer to the judgments of the circuit court in cases where evidence is to be weighed and the credibility of witnesses is to be determined, in this case there is no room for conceding to the trial court any advantage over this court.   The whole record is documentary except as to the proof of coverture when the deed was made to Mrs. Mustion, and the insolvency of her husband, two facts that stand conceded.

But one conclusion can be reached under the well-settled presumptions of law, and that is that the land was purchased with the husband's money and the deed taken to the wife to defraud his creditors.

It follows that the sheriff's deed conveyed the equitable title of the land to plaintiff, and Mrs. Mustion holds the legal title in trust for him and is entitled to a decree as prayed. The judgment of the circuit court is reversed and remanded with directions to award a new trial and proceed in accordance with the views herein expressed.   All concur.