MARIA JACKSON, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals, February 28, 1888.

1. DAMAGES — CONTRIBUTORY NEGLIGENCE. — An attempt to alight from a moving railway train, whereby personal injury ensues, is not in itself conclusive evidence of contributory negligence ; but the existence of contributory negligence in so doing must be determined by the surrounding facts, in each particular case.

2. —————— WEIGHT OF EVIDENCE.—Although it may be conceded, in a given case, that the evidence greatly preponderates against the plaintiff on the question of contributory negligence in alighting from a moving train, yet, if there is also substantial testimony tending to show that the defendant's train did not halt long enough to enable the plaintiff to alight with safety, a finding for the plaintiff cannot be disturbed on account of such preponderating evidence, unless there is a strong legitimate inference of prejudice or mistake on the part of the jury.

3. PRACTICE—INSTRUCTIONS.—Instructions given may, when standing alone, be subject to the criticism that they state to the jury principles of law, and not their proper application to the facts in controversy; and yet there will be no ground for complaint, if they are supplemented by explanations which correctly apply the principles to the facts.

APPEAL from the Jefferson Circuit Court, HON. JOHN L. THOMAS, Judge.

*Affirmed.*

GEO. H. BENTON, for the appellant: Mrs. Jackson's conduct in attempting to leave the coach after she knew the train was again in motion, by passing to the outside and stepping off, was *prima-facie* negligence directly contributing to the injuries complained of. *Gavet v. Railroad*, 16 Gray, 501; *Lucas v. Railroad*, 6 Gray, 64; *Nelson v. Railroad*, 68 Mo. 593; *Railroad v. Aspel*, 23 Pa. St. 147; *Morrison v. Railroad*, 56 N. Y. 302; *Fleming v. Railroad*, 49 Cal. 253; *Railroad v. Whitfield*, 44 Miss. 468; *Railroad v. Hazzard*, 26 Ill. 384; *Filer v. Railroad*, 49 N. Y. 47; *Railroad v. Letcher*, 12 Am. & Eng. R'y Cases, 115; *Harvey v. Railroad*, 116 Mass. 269; *Siner v. Railroad*, L. R. 3 Ex. 150; *Railroad v. Able*, 59 Ill. 131; *Railroad v. Duncan*, 28 Ind. 441; *Lambeth v. Railroad*, 66 N. C. 494; Thompson, Carriers of Passengers, 252–269. The first instruction given for the plaintiff authorized the jury to find against the defendant, if its employes failed to use "extraordinary care, vigilance, and caution to set plaintiff off of said train in safety." This is not the law, and is contradictory to instructions given by the court. *Lemon v. Chanslor*, 68 Mo. 340; *Strauss v. Railroad*, 75 Mo. 190; *Swigert v. Railroad*, 75 Mo. 480; *Clotworthy v. Railroad*, 80 Mo. 220; *Waller v. Railroad*, 83 Mo. 616; *Leslie v. Railroad*, 88 Mo. 54; *Handerlein v. Railroad*, 3 Mo. App. 601; *Gibson v. Railroad*, 76 Mo. 282; *Ashbrook v. Railroad*, 18 Mo. App. 304. The second of plaintiff's instructions is also

not the law, and is misleading. *Tucker v. Hemmker*, 41 N. H. 317; *Railroad v. McCarty*, 75 Ill. 602; *Railroad v. McGuire*, 78 Ill. 347; *City of Wyandotte v. White*, 13 Kan. 191. The instructions given by the court, on its own motion, are misleading and contradictory to those given for the plaintiff. The verdict of the jury is manifestly the result of sympathy for the plaintiff, or prejudice against the defendant. *Spohn v. Railroad*, 87 Mo. 74; *Baker v. Stonebraker's Adm'r*, 36 Mo. 345; *Price v. Evans*, 49 Mo. 396; *Herring v. Railroad*, 57 Ill. 59; *Reid v. Ins. Co.*, 58 Mo. 429; *Campbell v. Hood*, 6 Mo. 216; *Carroll v. Paul,* 16 Mo. 240.

DINNING & BYRNS, for the respondent: The instructions given declared the law as applicable to the facts and proof in this case, and tendered the whole issue to the jury. *Leslie v. Railroad*, 86 Mo. 50; *Doss v. Railroad*, 59 Mo. 27; *Nelson v. Railroad*, 68 Mo. 593; *Straus v. Railroad*, 75 Mo. 185; *Kennedy v. Railroad*, 36 Mo. 351; *Huelsenkamp v. Railroad*, 37 Mo. 546; *Liddy v. Railroad*, 40 Mo. 518; *Swigert v. Railroad*, 75 Mo. 475; *Clotworthy v. Railroad*, 80 Mo. 220. The defendant asked but one instruction, which was in the nature of a demurrer to plaintiff's evidence, and the court committed no error in refusing to give the same. *Clotworthy v. Railroad*, 80 Mo. 220; *Kelly v. Railroad*, 70 Mo. 604; *Cook v. Railroad*, 63 Mo. 398; *Tutt v. Cloury*, 62 Mo. 116; *St. Vrain v. Columbia*, 56 Mo. 590. If the defendant did not halt the train at Dock's station a sufficient length of time to enable the plaintiff, by the use of reasonable expedition, to get off before it was again started, and it was so started while the plaintiff was in the act of alighting, whereby she was thrown from the platform, or step, and injured, the defendant is unquestionably liable. Hutchinson on Carriers, sec. 612; Thompson's Carriers of Passengers, sec. 16, pp. 225 and 226; *Straus v. Rail-*

road, 75 Mo. 185; *Hickman v. Railroad*, 91 Mo. 433. If the defendant could have prevented the accident by the utmost human sagacity and foresight, it is liable. Thompson's Carriers of Passengers, sec. 4, pp. 200, 201; *Railroad v. Aspell*, 23 Pa. St. 147; *Kennedy v. Railroad*, 36 Mo. 351; *Huelsenkamp v. Railroad*, 37 Mo. 546, and cases cited; *Spohn v. Railroad*, 87 Mo. 74; *Meyer v. Railroad*, 40 Mo. 151.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff brought this action to recover damages for injuries to her person, by defendant's negligence, while a passenger on one of defendant's trains, and recovered judgment in the trial court. The recovery, considering the extent of the injuries, is moderate.

The negligence charged consists in the fact that the defendant's agents did not stop the train for a sufficient length of time to enable her to alight in safety at one of the regular stations for which plaintiff was a passenger, in consequence whereof the plaintiff, while attempting to alight, was precipitated to the ground by the sudden start of the train, receiving the injuries complained of.

The answer is a general denial and the plea of contributory negligence.

The errors complained of are the refusal of the court to sustain a demurrer to the evidence at the close of the plaintiff's case, and a similar demurrer at the close of all the evidence, and the giving of erroneous instructions at the request of plaintiff, and upon the court's own motion.

The plaintiff offered evidence tending to show that she was a passenger for Dock's station, one of the regular stations on defendant's road; that the train, upon arriving at the station, stopped only momentarily, and the plaintiff at once proceeded to walk out; that while she was thus engaged, and before she reached the door, the train began slowly to move, but she continued her way, believing that it would come to a full stop; that, instead of this, while she was on the step of the plat-

form, there was a sudden jerk to the train, caused by its increasing its speed, which precipitated her to the ground. The plaintiff was corroborated in several important parts of her testimony by the testimony of disinterested witnesses.

The demurrer at the close of plaintiff's evidence was interposed on the theory that it appeared from her own testimony that she was guilty of contributory negligence. While it is held in some states that an attempt to alight from a moving train is in itself evidence of negligence, and debars plaintiff's recovery, our courts have uniformly held that whether or no it is such negligence as relieves the defendant from all responsibilities for the accident is a question of fact depending upon the circumstances of the particular case. As was said by Judge Napton, in *Wyatt v. Railroad*, 55 Mo. 491, "a review of the decisions would only show that each case depended very much on its own peculiar facts." "It is one thing," as Judge Woodward observes, in *Railroad v. Kilgore*, 32 Pa. St. 292, "to define a principle of law and a very different matter to apply it well, the rights and duties of the parties grow out of the circumstances in which they are placed." Thus in *Lloyd v. Railroad*, 53 Mo. 512, and in *Straus v. Railroad*, 75 Mo. 190, it was held that the attempt of a passenger to alight from a slowly moving train is not necessarily such negligence as to debar him of recovery, while in *Nelson v. Railroad*, 68 Mo. 576, it was held that to jump from a train moving at the rate of from five to ten miles an hour was such recklessness as to bar recovery as a matter of law.

Applying the decisions as we find them in this state to the facts of the case as shown by plaintiff's evidence, we must come to the conclusion that the court committed no error in refusing defendant's demurrer to the evidence at the close of plaintiff's testimony. The facts, as testified to by her and her witnesses, did not raise an unavoidable inference of contributory negligence.

If the plaintiff has thus made a *prima-facie* case, she

was entitled at the close of the entire case to have the question submitted to the jury, whether such case was avoided by the testimony of the defendant or not. We so held in *Boatmen's Savings Bank v. Overall*, 16 Mo. App. 513, and our opinion was literally approved by the Supreme Court in affirming our decision. 90 Mo. 410.

Conceding, as defendant claims, that the great preponderance of evidence was in its favor, yet there was substantial evidence to support the plaintiff's case showing that the train did not halt for a sufficient length of time to enable her to alight with safety, and our disregarding such evidence, because outweighed by defendant's evidence, would be a clear usurpation of the province of the jury.

We have not hesitated to vacate a verdict under such circumstances, where it was the evident result of prejudice or mistake. *Friesz v. Fallon*, 24 Mo. App. 442. Such has been and is now the rule of the Supreme Court (*Price v. Evans*, 49 Mo. 496 ; *Spohn v. Railroad*, 87 Mo. 74, 84), but in order to do this the testimony and surrounding circumstances must be such as to raise the strongest legitimate inference that such was the case. We are not prepared to say that such is the case in the present instance. There is nothing to show that the evidence of plaintiff and her witnesses is wholly improbable, while the exceedingly moderate recovery negatives prejudice on part of the jury.

The defendant, after demurring to the evidence as above stated, asked no further instructions. The plaintiff asked two instructions which the court gave, and which, standing alone, would admit of the criticism that they state to the jury principles of law, and not their proper application to the facts in controversy.

The court, however, upon its own motion, supplemented these instructions with the following written charge :

"If you find, from the evidence in this cause, that the train in question stopped at Dock's station a suffi-

cient length of time to enable the plaintiff, by the exercise of reasonable expedition, to get off the train before it was again started, but that she failed to use such reasonable expedition, but was dilatory, and that she attempted to get off the train after it started and was in motion again, and that defendant's agents in charge of the train did not know, and had no reason to suspect, that she was in the act of getting off, and that she was injured in thus attempting to get off, then you should find for defendant."

"Defendant's agents and servants, to whom the management of the train in proof was entrusted, were bound to exercise the strictest vigilance in carrying plaintiff to Dock's station, her destination, and there to set her down safely, and for want of care or foresight in stopping and starting the train at that station, and in giving her sufficient time to alight, if any such want of care and foresight have been shown by the evidence, defendant is responsible for the direct and immediate injury resulting therefrom, but the defendant was not an insurer of Mrs. Jackson against any dangers to which she, as a passenger on defendant's train, may have exposed herself, by her own imprudence or carelessness. Defendant's agents in charge of the train may, therefore, be guilty of negligence in stopping and starting the train at Dock's station, and yet the defendant may not be liable for the plaintiff's injury. If you find from the evidence that the train was not stopped a reasonably sufficient time to enable her to alight in safety, and she undertook to get off without the knowledge, solicitation, or request of the defendant's agents, while the train was in motion, and that the circumstances were such that no person of ordinary care or prudence would have attempted to get off, and in this attempt to get off while the train was in motion, she was guilty of negligence, which directly contributed to her injury, then she cannot recover."

"In determining the question as to whether she acted prudently or was guilty of negligence in getting

off the train while it was in motion, you should take into consideration her condition, her age, sex, and size, as well as all other circumstances in the case."

"The burden of proving that the plaintiff was guilty of negligence in getting off the train, which directly contributed to her injuries, rests upon defendant."

This explanation was correct and submits to the jury the defendant's evidence as well as that of the plaintiff in a manner to which no exception can be taken.

It results that the judgment must be affirmed, and with the concurrence of Judge Thompson, it is so ordered. Judge Lewis is absent.