## Coats et al. v. Lynch et al., Appellants.

Division Two, November 14, 1899.

1. **Will:** INCAPACITY: PREPONDERANCE OF EVIDENCE. Although the greater weight of evidence tends to show that a testatrix was incapacitated to make the will in contest, yet unless it so preponderates as to show that the verdict was the result of either partiality, prejudice or passion the appellate court will not interfere.

2. ———: EVIDENCE: INTEREST OF WITNESS. The court did not permit a witness to answer the question of the contestants of a will as to whether or not at the preceding term of court he had driven to a town in a neighboring county to get his wife to come to court to testify, it appearing that she had been duly subpoenaed. *Held*, that, the purpose of the question being to show the interest and feeling of the witness in the case, the fact sought to be shown was not of sufficient importance to justify a reversal, nor did the court commit error under the circumstances.

3. **Leading Questions.** The general rule which forbids the asking of leading questions is not inflexible, but is always discretionary with the court.

4. **Witness:** INTERESTED PARTY. Under the statute no person is disqualified as a witness in a civil suit by reason of his interest in the result of ⌐ne same, as a party or otherwise.

5. **Non-Prejudicial Evidence.** Where the evidence admitted is of so little importance that it could not possibly have prejudiced the rights of the losing party, the judgment can not be reversed on the ground that it was improperly admitted.

6. **Will:** INSTRUCTION: PARTIAL BEQUESTS: COMMENT ON EVIDENCE. It is no comment on the evidence to tell the jury in an instruction that they should not find against the will because it gave to a certain legatee far more property than she would have received had there been no will, that fact being admitted all through the trial.

*Appeal from Monroe Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

W. E. WHITECOTTON, GEO. W. WHITECOTTON, W. T. RAGLAND and R. W. BRISTOW for appellants.

(1) Lon Hale, touching his interest and feeling in the case, was asked, if at the last term of court he had not driven in the night over to Shelbina to get his wife to come to Paris and testify. This question was clearly competent to show witness' bias in the case. 29 Am. and Eng. Ency. of Law, 770; 1 Am. and Eng. Ency. of Law (2 Ed.), 704; St. L. Paint & Mfg. Co. v. Maupin, 30 Mo. App. 15. (2) Lewellyn was asked to state whether or not her mental condition (mean-

ing testatrix) was such that she could call the names of her rel-
atives or connections." This is no criterion of sanity, and
besides it is leading and suggests the answer that is wanted.
Thompson v. Ish, 99 Mo. 180. (3) In the record one of the
plaintiffs is asked if he has any interest in this suit. He is a
party to the record. He has helped to make a record which
shows that if this will is set aside he is entitled to an interest
in the estate. In this question he is called upon, and in his
answer does contradict the record. He is estopped. Donan
v. Intelligencer Print. Co., 70 Mo. 174; 7 Am. and Eng. Ency.
of Law, 2. (4) All matters and things injected in a trial
that are not pertinent are prejudicial to a calm and dispassion-
ate weighing of pertinent testimony. Clark v. Fairley, 30 Mo.
App. 335; Walter v. Hoffman, 51 Mo. App. 46. (5) In-
struction numbered 5 should not have been given in the form
it was given. The latter part of it not only comments on the
evidence but singles out one issue of fact, upon which the tes-
timony was uncontradicted, viz., that the testatrix was solicit-
ous that Sally Coats should be well provided for. The plain-
tiffs introduced evidence to show that it was a fixed purpose
on her mind, and then tried to show that the will did not ac-
complish that purpose, and therefore that fact was, in itself,
evidence tending to show mental incapacity. The defendants
introduced evidence tending to show, that, under the will,
Sally Coats would be better provided for than if the will was
set aside; thus tending to show that the testatrix knew what she
was doing, in that she was carrying out a fixed purpose, pre-
viously determined upon. This should have been left for the
jury to consider along with all other facts in evidence, in de-
termining their verdict. But in the instruction given, the
court tells the jury that fact, if a fact, should not cause the
jury to favor the will. Possibly not, but suppose the evidence
outside of this fact was about evenly balanced in the mind of
the jury, and the evidence showed to the satisfaction of the
jury that testatrix had it in mind for a number of years to

make a better provision for Sally Coats than the law would make, and suppose that the jury believed from the evidence that the will did make a better provision than the law would make, would that not in the mind of the jury have a strong tendency to prove that she was consciously doing what she had previously expressed as her determination to do, and therefore was perfectly sane when she made the will, and this is very material in view of the evidence of the plaintiffs. McFadin v. Catron, 120 Mo. 274; Kendig v. Railroad, 79 Mo. 207.

JAS. H. WHITECOTTON, R. N. BODINE and THOS. H. BACON for respondents.

(1) The appellants make the point in their brief that Lewellyn was asked to state whether Mrs. Ridge's mental condition was such that she could call the names of her relatives or connection. The objection is that this is no criterion of sanity. The examination of witnesses properly puts in evidence elements which tend to make up elements of infirmity to be weighed on the whole case. If no questions could be asked except those which call for criterions of insanity, hardly any question would be allowable. Moreover the record does not support appellant's contention. (2) The trial court decided that the verdict was not against the evidence on the trial. The settled rule of appellate non-interference need not be cited. (3) Appellants assign one objection to the instructions. Instruction numbered 5 is challenged because as alleged the latter part comments on the evidence, and singles out one issue of fact, upon which the testimony was uncontradicted. The appellate court will perceive in this instruction a perfect balance. The appellants themselves do the singling out. They dissect the last clause of the instruction and criticise it as if it were an independent instruction. There is no comment on the evidence. Comment is where the court discusses the tendency of evidence in the formation of a verdict.

Where the law itself draws a particular conclusion from a fact or collection of facts in evidence, it is the duty of the court to so tell the jury. Leeser v. Bockhoff, 33 Mo. App. 223; Steinwender v. Creath, 44 Mo. App. 356; State v. Seal, 44 Mo. App. 603. It is always competent for the court to declare the legal effect of facts in evidence, and doing so does not constitute a comment on the evidence. Tyler v. Hall, 106 Mo. 313.

BURGESS, J.—This is a suit to set aside the will of Sally C. Ridge. The will bears date May 25, 1892, and she died on the thirteenth day of February, 1894, at the advanced age of seventy or seventy-one years. She died childless. She lived a widow seventeen years, during which time she kept house. An afflicted niece, Sally Coats, who was deaf, lived with and was cared for by her. The testatrix had at the date of the will no sister living but had one brother Bernard M. Lynch who died before she did. She also had fourteen other nieces, nephews and grandnephews and nieces. After providing for the payment of her debts, the interment of her remains and the erection of a monument over her grave she gave to her niece, Sally Coats, her gold watch, silverware, household and kitchen furniture, beds and bedding, and wearing apparel. She also left $2,000 in trust for her, naming the trustee, the income to be paid her during her natural life, and her house and lot in Monroe City, worth about $2,000 to $2,500, with the privilege to occupy the house or rent it and receive the rents during her natural life.

She directed her executor to sell the residue of her property and after providing the trust fund of $2,000 for Sally Coats, she bequeathed to her brother, Bernard M. Lynch (since deceased), $500; to her nephew, James Hagar, $400; to her nephew, F. K. Lynch, $500; to her niece, Mary H. Cauthorn, $200. She provided that should her brother Bernard not survive her that the $500 bequeathed to him be divided, $300 to her niece, Sophia K. Ball, and $200 to her niece, Ann

Clapp; residum, if any, to her nephew, F. K. Lynch. After the death of her niece, Sally Coats, she directs the property in Monroe City to be sold, and the proceeds, together with the $2,000 trust fund, to be divided; to her niece, Sally Bell, $100; to her niece, Sarah Linton, $100; to the children of her nephew, John Hagar, $200; to her nephew, James Hagar, $500, if living, if not to his children. The residue she gives to her nephew, F. K. Lynch, and appointed him executor without bond.

The will is assailed upon two grounds: first, want of mental capacity on the part of the deceased to make a will; and, second, undue .influence exercised over her by F. K. Lynch.

There was no evidence to support the charge of undue influence, and the court so instructed the jury and the case was submitted to them upon the other question.

The evidence was conflicting as to whether or not the testatrix had sufficient mental capacity to make a will.

The grounds upon which defendants seek a reversal of the judgment, are the want of evidence to support the verdict, the exclusion of legal and competent evidence offered by them; the admission of illegal and incompetent evidence, on the part of plaintiff; and the giving of the fifth instruction.

1.   A number of witnesses introduced by contestants testified to facts which tended to show the want of mental capacity in the testatrix to make the will in contest, and while there was evidence on the part of the contestees which seems to preponderate to the contrary, yet it does not so preponderate against the verdict as to show that it was the result of either partiality, prejudice or passion, and it is only under such circumstances that this court will interfere. [Oglebay v. Corby, 96 Mo. 285.]

2.   Various objections are urged by contestees to the action of the trial court in admitting evidence on the part of contestants, and in excluding evidence offered by contestees,

Coats v. Lynch.

most of which are of a very technical character, and only such of them as seem to us to be of importance will be considered.

For the purpose of showing the interest and feeling in the case of one Hale, a witness for contestants, defendants asked him, if at the last term of the court he had not driven in the night over to Shelbina to get his wife to come to Paris, and testify; but on objection of contestants the witness was not permitted to answer. It appears that the witness had been duly subpoenaed, and it was upon that ground that the objection was sustained, and whether the court was right or wrong in so doing the facts sought to be shown were not of sufficient importance to justify a reversal of the judgment upon that ground. We, however, think that the court committed no error in its ruling, under the circumstances.

3.  Defendants offered in evidence several letters written by one of the contestants, Sally C. Coats to one of the contestees F. R. Lynch, and parts of those numbered 1, 3, 4 and 6, in the record of motion of plaintiffs were excluded, which contestees assign for error. As to letter number one it is impossible for us to tell what part of it was excluded, there being nothing in the record to indicate.

That part of number 3 which was excluded is with respect to a conversation had by the writer with the testatrix, that in the fourth has no reference to the execution of the will or the issue involved, and the record does not show that any part of number six was excluded. It needs nothing more than this statement with respect to the parts of the letters which were excluded, to show that they had no bearing whatever upon the issue involved, and that no error was committed in excluding them.

4.  James R. Lewellyn, a witness for plaintiffs, was asked to state whether or not in his opinion the mental condition of the testatrix was such that she could call the names of the relatives—or connection? To which defendant objected upon

the ground that the question was leading. The objection was overruled, and this is also assigned for error. It has often been held that the general rule which forbids the asking of a witness leading question is not inflexible, but is always discretionary with the court. [Wilbur v. Johnson, 58 Mo. 600; Railroad v. Silver, 56 Mo. 265.]

5. John B. Briscoe, a witness for plaintiffs, was asked by them if he had any interest in the result of this suit; to which defendants objected upon the ground that the witness is a party to the suit. The position is that being a party to the record, he is estopped to deny his interest therein. But we are not impressed with the force of this contention. Under our statute Revised Statutes 1889, section 8918, no person is disqualified as a witness in a civil suit by reason of his interest in the result of the same, as a party or otherwise.

6. There were other objections by defendants to the admission of evidence on the part of plaintiffs, much of the same character of those already passed upon, and even if the evidence was improperly admitted, which we do not concede, it was of so little importance that it could not possibly have prejudiced the rights of defendants and would not, therefore, justify a reversal of the judgment upon that ground.

7. A final contention is that error was committed in giving the fifth instruction. It reads as follows:

"The jury are instructed that a person of sound and disposing mind and memory has the right to dispose of his property by will in such manner as such person may choose, however unjust or unreasonable such disposition may seem to the jury. If, therefore, the jury upon a full consideration of all the evidence in the cause, under the instructions herein, find that said instrument is her will, then the fact that said instrument is not such a disposition of her property as the jury may think should have been made, if such is the fact, should not prevent the jury from finding in favor of said will. And if upon a full consideration of all the evidence in the cause under

Coats v. Lynch.

the instructions herein, the jury find that said instrument is not her last will, then the fact that Sally Coats, one of the plaintiffs, is better provided for under the will than she would be without it, if such be the fact, should not cause the jury to find in favor of the will."

The criticism is that the last sentence in the instruction, not only comments on the evidence, but singles out one issue of fact, upon which the testimony was uncontradicted, that is, that the testatrix was solicitous that Sally Coats should be well provided for. Clearly this is not a comment on the evidence. In effect is simply tells the jury that the fact that Sally Coats is better provided for under the will than she would be without it, if such be the fact, should not cause them to find in favor of the will, if under all the evidence in the cause and the instructions of the court, the jury find that it is not the will of Sally C. Ridge, notwithstanding Sally Coats may have been better provided for by the will than she would be without it.

As this was the contention of the defendants throughout the trial, it was entirely proper for the court to direct the jury that this should not cause the jury to find in favor of the will provided they believed that it was not her last will.

Nor is that part of the instruction subject to the objection that it singles out one issue of fact, but is directed to the whole case and all the evidence adduced.

Finding no reversible error in the record we affirm the judgment. GANTT, P. J., concurs; SHERWOOD, J., absent.