Ratcliff v. Lumpee.

W. R. RATCLIFF, Appellant, v. LOUIS LUMPEE, Ex'r, Respondent.

**Kansas City Court of Appeals, January 8, 1900.**

1. **Quantum Meruit: PRESUMPTION: FAMILY RELATION: APPELLATE PRACTICE.** Ordinarily one is presumed to agree to pay for services performed by another, but such presumption does not obtain between members of a family, and there can be no recovery unless the one intended to charge and the other to pay. And where such issues are submitted on sufficient evidence with correct instructions, the verdict is conclusive on the appellate court unless there is manifest prejudice, passion or corruption on the part of the jury.

2. **Estoppel: EXECUTOR'S PAYMENT OF NOTES AT THE REQUEST OF THE PRINCIPAL: ALLOWANCE.** One can not repudiate a state of things brought about by his own instigation and request; so where an executor at the request of the principal pays a note on which his testator was surety, such principal can not escape indemnifying on the ground that said note had not been presented to and allowed by the probate court.

Appeal from the Morgan Circuit Court.—*Hon. D. W. Shackleford*, Judge.

AFFIRMED.

*William Forman* for appellant.

(1) The verdict was against the weight of the evidence and against the law under the evidence. And can only be accounted for on the ground that it was the result of passion or prejudice. "Where the preponderance of the evidence against the verdict in an action at law is so strong as to raise a presumption of prejudice, passion, corruption, gross ignorance or partiality on the part of the jury, a new trial will be granted on appeal." Oldham v. Henderson, 4 Mo. 295; Baker v. Stonebraker, 36 Mo. 338; Friesz v. Fallon, 24 Mo. App.

439; Spohn v. Railway, 87 Mo. 74; Lionberger v. Pohlman, 16 Mo. App. 392; Borgraefe v. Knights of Honor, 22 Mo. App. 127; Empey v. Cable Co., 45 Mo. App. 422; Walton v. Railway, 49 Mo. App. 620; Lovell v. Davis, 52 Mo. App. 342; Reisert v. Williams, 51 Mo. App. 13; Boggess v. Railway, 118 Mo. 328. (2) The notes mentioned in the counterclaim and offered in evidence had never been allowed as demands against the estate of Simon Ratcliff by the probate court or any other court; but were paid by the executor without legal authority. The executor could not in a settlement take credit for the amount paid by him therefor, hence the appellant was not indebted to the estate for the sum so paid by the executor without authority of law. R. S. 1889, sec. 137, 188, 191, 196 and 199; Wernse v. McPike, 100 Mo. 476; Burton v. Rutherford, 49 Mo. 258.

*Moore & Williams* for respondent.

(1) The trial court having admitted all evidence tending in the remotest degree to show any service rendered by the plaintiff; and having given the instructions asked, the plaintiff has now no reason to complain. Under the favorable instructions of the court, the whole question as to the evidence was one for the jury. The contention having been decided adversely to plaintiff, this court will not interfere. Blanton v. Dold, 109 Mo. 64; College v. Borck, 44 Mo. App. 19; Watson v. Stromberg, 46 Mo. App. 630. (2) The plaintiff having requested defendant as the executor of his father's will to pay off these notes, is now estopped from claiming that they were paid without being allowed by the probate court. "It it is a well-settled principle of equity that one who makes representations upon which he expects another to act, and upon which such other relies and is induced to act to his detriment, will not afterward be heard to question the truth of what was represented to the one who had been induced thereby to change his condition." Bank v. Frame, 112 Mo.

513; Chouteau v. Goddin, 39 Mo. 229; Garnhart v. Finney, 40 Mo. 449; Schenck v. Sautter, 73 Mo. 46; Moore v. Bank, 52 Mo. 377; Lumber Co. v. Kreeger, 52 Mo. App. 419; Lackland v. Stevenson, 54 Mo. 108; Gray v. Gray, 83 Mo. 106; Wilcox v. Howell, 44 N. Y. 402; Canal Co. v. Hathaway, 8 Wend. 483; 11 Am. and Eng. Ency. of Law, sec. 42.

GILL, J.—This is a suit brought by the son against his father's estate, whereby the plaintiff seeks to recover the value of certain alleged services performed for his father during the last fifteen years of the latter's life. The petition, in effect, alleges that the plaintiff was employed by his father to take charge of and do the necessary work on the latter's farm and to furnish board, with the understanding that he, the plaintiff, should be paid a reasonable compensation therefor. That plaintiff did the work, boarded the old gentleman and his farm hands, cared for him in his sickness etc., all of the reasonable value of $100 a year, or $1,500 for the entire time. Some small credits amounting, in the aggregate, to $38.50 were given and judgment asked for a balance of $1,461.50.

In addition to a general denial, and some defenses not necessary to mention, the answer set up that the plaintiff lived in the immediate neighborhood of his father and that if he did perform any services for his said father they were merely gratuitous and on account of the relationship existing and as a return for benefits received from his said father, and that there was no intention or understanding between the parties that any charges should be made therefor. Defendant's executor further alleged, by way of counterclaim, that at the plaintiff's request he (as executor) paid off and satisfied two past due notes of the aggregate sum of $152, which had been executed by plaintiff, with said Simon Ratcliff as surety, and for this sum defendant asked judgment against the plaintiff. To the new matters alleged in the answer plaintiff filed a reply, putting the same in issue.

There was a trial by jury, resulting in the defeat of the plaintiff on the main issue, and a further finding and judgment for defendant on the counterclaim, and plaintiff appealed.

I.   In regard to the cause of action set out in plaintiff's petition—that is, as to the plaintiff's right of recovery for alleged services performed for his father during the last fifteen years of the latter's life, it is sufficient to say, that the issues were fairly submitted to the jury, on conflicting evidence, and on instructions prepared and offered by plaintiff's counsel, and the plaintiff therefore has no cause whatever to complain. At plaintiff's request the court told the jury, in substance, that ordinarily an obligation to pay for services performed by one for another is presumed, but that a presumption may arise from the relationship of the parties that the services were acts of gratuitous kindness, etc.   And the jury were further instructed that if they found plaintiff rendered the services at the request of his father "and that he (plaintiff) intended, while rendering such services, to charge the father, and that the father intended to compensate him for the same, then you will find for the plaintiff," etc.   The jury by their verdict have found that, even if services were performed by the plaintiff for the father, yet they were mere acts of gratuitous kindness and were not intended to be charged for.   This must end the claim as set out in plaintiff's petition.   The jury's finding on that matter is conclusive on us.

It is useless to claim that the verdict is against the weight of the evidence.   This court will not ordinarily in law cases attempt to determine where the preponderance of the evidence lies.   This duty devolves on the jury trying the case, subject to the supervising control and corrective power of the trial judge.   It is only where the preponderance of the evidence is so overwhelming and manifestly against the verdict as necessarily to imply prejudice, passion or corruption on the part of the jury, that this court will interfere.   A careful reading of this record discloses no such case.   Other than that, the

verdict is well supported by the evidence. The testimony, viewed in the light of the circumstances, tends strongly to sustain the jury's finding that whatever services this plaintiff may have performed for his father during his life time were given as a free offering to filial affection, and that there was no intention at the time of the one to give or the other to receive any pecuniary reward therefor.

II. As to the matter of counterclaim, the undisputed facts make a clear case for the defendant. It is conceded by the record that during the life of plaintiff's father, he, the plaintiff, gave two notes on which his father placed his name as surety. They were not paid, and after the father's death, the executor, on plaintiff's request, paid the notes—the plaintiff at the time agreeing to recompense the defendant, as executor, out of the plaintiff's share in the estate. Notwithstanding this, plaintiff now insists that the defendant executor has no claim against the plaintiff because of the payment of these notes. It is contended that the executor was not authorized to pay the notes until they had been presented to the probate court and allowed. But plaintiff is estopped from taking any such position, for it was at his request that the executor adopted this course. He can not repudiate a state of things brought about by his own instigation and request.

On the facts found by the jury, the judgment is manifestly for the right party and will be affirmed. All concur.