JOHNSON COUNTY SAVINGS BANK, Appellant,
v. W. E. REDFEARN et al., Respondents.

**Springfield Court of Appeals, February 7, 1910.**

1. **BILLS AND NOTES: Fraud: Pleading: Failure to Comply With Contract.** In a suit on notes, where the defense is fraud in their procurement and knowledge thereof on the part of plaintiff, it was held proper for the defendants in their answer to plead the execution of the contract for the purchase of a lot of jewelry and the making of the notes at the same time, and that all were obtained by the fraudulent representations of the agent of the company to whom the notes were made, and also the failure of the company to comply with the contract; and it was proper for the trial court to overrule plaintiff's motion to strike out that part of the answer which alleged the execution of the contract and the failure of the company to comply therewith.

2. ————: ————: ————: **Evidence.** Where the defendant pleads that the notes sued on, together with a contract executed at the same time and as part of the same transaction, were obtained by the false representations of the agent of the payee; it was proper to admit oral testimony as to conversations between the agent and defendants prior to the execution of the notes.

3. ————: ————: **Innocent Purchaser: Question for Jury.** Where the trial court may have believed from the evidence that the notes sued on were procured by fraud and that plaintiff, the purchaser of the notes, had full knowledge thereof, and that all of this was clearly shown by the evidence, yet this was a matter for the jury to determine and it was error for the court to peremptorily instruct for the defendants.

Appeal from Greene Circuit Court.—*Hon. James T. Neville*, Judge.

REVERSED AND REMANDED.

*J. O. Martin* and *Hamlin & Seawell* for appellant.

(1) The motion to strike out a part of defendant's answer is in the nature of a demurrer, and if that part

of the answer included in the motion does not state a defense, the motion should have been sustained, and pleading over by filing a reply does not waive the point. Elfrank v. Seiler, 54 Mo. 134; Ryans v. Prior, 31 Mo. App. 561; Donahue v. Bragg, 49 Mo. App. 276; Haase v. Nelson, 64 Mo. App. 131. (2) "Appellant, being the transferee of negotiable paper, before maturity, is presumed to have acquired it in good faith, and the burden is on the respondents to show the contrary." Merrick v. Phillips, 58 Mo. 436; Mayes v. Robinson, 93 Mo. 114; Keim v. Vette, 167 Mo. 399. (3) "If the trial court was of the opinion that the appellant accepted said note as collateral security for a pre-existing debt, then the question as to its knowledge of the fraud, if any, in the procurement of the note or of its consideration, should have been submitted to the jury under appropriate instructions." Investment Co. v. Fillingham, 85 Mo. App. 534; Bank v. Bank, 109 Mo. App. 672.

*T. J. Murray* for respondents.

(1) When a party aids in the execution of a fraud, and shares in its proceeds, he is chargeable with all of its consequences. Lincoln v. Claflin, 7 Wall. 132; Hornblower v. Crandall, 7 Mo. App. 220, 78 Mo. 582; Watson v. Crandall, 78 Mo. 583. (2) If a party intentionally misrepresents a material fact, or produces a false impression, in order to mislead another, or to entrap or cheat or to obtain advantage of him, it will constitute positive or actual fraud in the truest sense of the term, and the misrepresentation is not confined to words or positive assertions, but may consist of deeds or acts or artifices to mislead. Bank v. Crandell, 87 Mo. 209; Price v. Atkinson, 117 Mo. App. 52; Jewelry Co. v. Withoup, 118 Mo. App. 126; Mfg. Co. v. Waful, 131 Mo. App. 211. (3) When a negotiable note is transferred merely as a collateral security for a pre-existing debt, no new consideration being given for it,

the transferee takes it subject to all the equities exist-
ing between the original parties.   Loewen v. Forsee,
137 Mo. 29; Board of Trustees v. Fry & Woods, 192
Mo. 563; Wells v. Jones, 41 Mo. App. 1; Wine Co. v.
Rinehart, 42 Mo. App. 180.

STATEMENT.—Action upon a promissory note, pay-
able in six installments of $83.20 each, executed by de-
fendants to the Equitable Manufacturing Company of
Chicago, Illinois, endorsed as follows:

"Pay to the order of Johnson County Savings
Bank, Equitable Manufacturing Company, per O. H.
Brainerd, Fin. Sect."

The petition alleges that the plaintiff became the
owner of said note before maturity for a valuable con-
sideration.   The answer alleges that the consideration
of the note was the purchase of a lot of jewelry from
the Equitable Manufacturing Company, and that at
the time of the execution of the note and cotemporan-
eous therewith, there was executed a contract between
the Manufacturing Company and defendants contain-
ing certain stipulations, warranties and obligations of
the parties, providing that under certain conditions,
defendants might return to the Equitable Manufactur-
ing Company the unsold portions of said jewelry, and
then alleges that the execution of both the note and
the contract were secured by the fraudulent represen-
tations of the salesmen of the Equitable Manufacturing
Company, and that plaintiff had knowledge of these
facts at the time of the transfer of the note to it.

The plaintiff moved to strike out all that part of
this answer which alleged the execution of the con-
tract and the failure of the Equitable Manufacturing
Company to comply therewith.   This motion was over-
ruled, plaintiffs then filed reply, the case went to trial
before a jury, and at the beginning of the trial, the
court held that the burden of proof was on the defend-
ant.   Defendant then introduced testimony tending to

show that the note and contract were secured by fraud and in order to show that the plaintiff, bank, had knowledge thereof, placed the president of the bank upon the stand and examined him in relation thereto. At the close of defendant's testimony plaintiff asked a peremptory instruction to find for the plaintiff. This the court refused; the plaintiff offered no testimony and the court then, upon its own motion, gave the following instruction.

"The written documents in evidence, the testimony of plaintiff, discloses a scheme of doing business between the Equitable Manufacturing Company and the plaintiff so reasonably liable to deceive and defraud the citizens of the State as to be unenforceable at law. Your verdict will, therefore, be for the defendants."

The jury then returned a verdict for defendants, plaintiff has appealed to this court, assigning as error:

1.   The action of the court in overruling appellant's motion to strike out a portion of respondent's answer.

2.   That the court erred in admitting oral evidence as to conversations between the salesman for the Equitable Manufacturing Company and the respondents prior to the execution of the note, and especially did the court err in permitting respondent Redfearn to testify as to the signature of Mr. Kennedy.

3.   The court erred in refusing to give the instruction requested by appellants, and erred in giving the instruction of its own motion directing the jury to return a verdict for the respondent.

COX, J.—As to the action of the court in overruling appellant's motion to strike out a portion of respondent's answer, it is sufficient to say that the defendants allege in their answer that the contract pleaded therein was executed at the same time the notes sued upon were, and as cotemporaneous with them, and if this were true, the contract and the notes in the hands

of the Equitable Manufacturing Company should all be construed together, and if the contract and the actions of the parties thereunder should relieve defendants of liability upon the notes and the bank knew those facts as defendants allege it did at the time the note was endorsed to them then they were entitled to that defense against the plaintiff. The action of the court in overruling this motion was right, and that point must be ruled against the appellant.

As to the second assignment of error that the court erred in admitting oral testimony as to conversations between the salesman of the jewelry company and the respondents prior to the execution of the note, this was admitted for the purpose of showing that the execution of the contract and the note was procured by false and fraudulent representations of the agent of the Equitable Manufacturing Company with whom the defendants were dealing. As fraud was pleaded in the answer this was the only way to prove it, and this testimony was clearly admissible.

Under the third assignment of error it is contended that the court should have submitted the case to the jury upon proper instructions and permitted the jury to pass upon the facts as to whether or not, in the first instance, the execution of the contract and note was procured by fraud and whether the plaintiff was a holder of the note in good faith and for value. In this contention we think the appellant is right. While the court may have been strongly impressed by the testimony in this case with the view that this entire transaction was a fraudulent scheme perpetrated jointly by the Equitable Manufacturing Company and the plaintiff by which the Equitable Manufacturing Company would send out its agents, and by deception impose upon innocent and unskilled merchants by trickery and knavery, and secure their signature to negotiable notes, then transfer them to this plaintiff, and plaintiff then bring suit on the notes, pose as an inno-

cent purchaser for value, force the payment of the notes, and leave the parties who had signed the notes with a lot of worthless jewelry upon their hands, and no recourse except to go to a foreign State and bring an action for damages against the parties who had swindled them in the first instance. While it may be true that the court felt that all these things were clearly shown by the testimony, yet notwithstanding that fact, the right of trial by jury is one of the sacred institutions of our law, and it is the duty of the court to preserve it under all circumstances, and no matter how clear the testimony may be, or how strongly the court may be convinced that deception and fraud have been practiced and innocent people injured thereby, yet the law does not permit him to take from the jury the right of determining that matter. The law imposes this duty upon the jury and the jury can generally be depended upon to protect innocence when given an opportunity to do so. Under the circumstances developed in this case, the action of the court in peremptorily instructing the jury to find for the defendant was material error, and for that reason, the judgment of the court will be reversed and the cause remanded. All concur.