## J. H. NEIL et al., Appellant, v. CUNNINGHAM STORE COMPANY, Respondent.

### Springfield Court of Appeals, July 7, 1910.

1. **APPEAL AND ERROR: Evidence: Where Evidence Preponderates Against Verdict: Interference by Appellate Court.** Where the evidence does not so preponderate against the verdict as to show that it was the result of partiality, mistake, prejudice or passion, the appellate court will not interfere; but if the preponderance of evidence is so overwhelming and manifestly against the verdict as necessarily to imply prejudice, passion or corruption on the part of the trier of the fact, then the appellate court will interfere.

2. ————: ————: **Depositions: Documentary Evidence: Passing Upon Credibility.** Where the evidence is documentary or in the form of a deposition the trial court has no advantage over the appellate court in passing upon the credibility to be given to the evidence.

3. **EVIDENCE: Testimony of Witness Inconsistent With Physical Facts.** Where the testimony of a witness is inconsistent with the physical facts it should be disregarded.

4. **VENDOR AND PURCHASER: Breach of Contract: Failure to Furnish Goods: Measure of Damages.** In suits for damages for failure of the vendor to deliver goods which he had contracted to furnish, the measure of damages generally is the difference between the price agreed upon and the market value of the property at the time and place of delivery.

5. ————: ————: **Furnishing Inferior Goods: Measure of Damages.** In a suit by the purchaser of several cars of corn against the vendor for damages for failure to furnish good marketable corn as per contract, where the vendor knew that the corn was purchased to be shipped to another point to be sold, and the corn furnished was in a damaged condition, the measure of damages was held to be the difference between the market value at its destination had the corn been good, and what the corn had to be sold for on account of its damaged condition, together with whatever reasonable expense the vendor was put to in getting the corn in a condition to sell on account of its being damaged.

6. **EVIDENCE: Physical Facts: Credibility of Testimony: Duty of Trial Court.** In a suit for damages against a vendor for furnishing wet, mildewed and damaged corn, it is shown by the

depositions of half a dozen witnesses as well as the oral testimony of one witness that the corn arrived at its destination greatly damaged, and there was no evidence that it did not arrive in a damaged condition, although there was testimony that the corn was in good condition when loaded for shipment, but the witnesses all agreed that the cars in which the corn was shipped were in good condition and that the corn if dry and of good quality when shipped would not have arrived in a damaged condition. *Held*, that the trial court sitting as a jury did not have the right to reject, as of no probative force, the testimony regarding the condition of the corn when it reached its destination. That this testimony in fact established conclusively that the corn arrived in a damaged condition and the testimony that the corn was alright when loaded was so inconsistent with the physical facts that it should be disregarded.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Shepard & Shepard* for appellants.

*Faris & Oliver* for respondents.

(1)    The law is that the measure of damages in such cases is the difference between the actual value of the article sold and the price charged therefor at the place of delivery to the vendee.    Black River Lbr. Co. v. Warner, 93 Mo. 374; Whitmore v. Coates, 14 Mo. 9; Rickey v. Tenbroek, 63 Mo. 563; Kingsland v. Iron Co., 29 Mo. App. 526; Holly v. Railroad, 34 Mo. App. 302; Hayner v. Churchill, 29 Mo. App. 676; Miles v. Withers, 76 Mo. App. 91.    (2)    This court will no more disturb the finding of a court sitting as a trier of fact, than it will the verdict of a jury when there is evidence, as there was here, both ways, and when the preponderance, as here, was largely with the defendant and with the finding of the court on this disputed fact.    Tipton v. Christopher, 135 Mo. App. 623; Hax-Smith Co. v. Toll, 133 Mo. App. 404; Donaldson Co. v. Houck, 213 Mo. 416; Kneisley Lbr. Co. v. Stoddard County, 131 Mo. App. 26; Vincent v. Means, 207 Mo. 709.

GRAY, J.—This case originated in the circuit court of Pemiscot county in March, 1908. Plaintiffs allege that in November, 1907, they purchased of the defendant two carloads of corn which were thereafter to be loaded by the defendant and shipped as ordered by plaintiffs; that the corn so purchased was to be good, sound, merchantable corn, defendant knowing at the time that the corn was to be placed on the market and sold by plaintiffs; that the plaintiffs did not personally inspect the corn, but relied on the defendant to load the cars with the quality of corn purchased; that the carloads of corn were shipped to Eufaula, Alabama, and that the plaintiffs paid therefore forty-five cents per bushel, amounting to $644.85, supposing and believing that the amount so paid was the correct amount due for said corn, and that the corn was good and merchantable; that the corn so loaded was not good, sound, merchantable corn, neither was there the amount of corn in the cars that defendant claimed was loaded therein, but the corn was inferior, chaffy and green or wet, wholly unfit for market, and in such damaged condition that when it reached Eufaula it was heated, unfit for market, and had to be rehandled to prevent a total loss; that plaintiffs paid for three hundred and eighty-four bushels more of corn than were put in the cars; that they had the corn sold in Eufaula at seventy-five cents per bushel, but on account of its damaged and inferior quality of said corn, plaintiffs could only realize forty cents per bushel; that by reason of the fact plaintiffs lost the difference between forty cents per bushel and seventy-five cents per bushel, also the difference in weights, and were to the expense of $75 in rehandling said corn and expenses in looking after the same, and prayed for judgment in the sum of $584.27.

The answer admitted the sale of the corn, and that there was a shortage in one car in the number of bushels paid for, and that on account thereof, the defendant received $40 more for the corn than it was entitled, and

tendered the same with costs. The answer further alleged that the corn delivered to plaintiffs was in good condition and undamaged, and was sound and merchantable corn.

There was a trial by court and judgment in favor of the plaintiffs in the sum of $126.90, from which the plaintiffs appealed.

From the declarations of law given and refused by the court, it is shown that plaintiffs were allowed a judgment for the amount of corn which the court found they paid for in excess of the number of bushels delivered, and refused damages on account of the inferior quality of the corn, or their expenses in looking after the same after its inferior condition was discovered.

The case was tried before the court without a jury and where the evidence does not so preponderate against the verdict as to show that it was the result of either partiality, mistake, prejudice or passion, the appellate court will not interfere. [Coata v. Lynch, 152 Mo. 161, 53 S. W. 895.]

The appellate court will not ordinarily in law cases attempt to determine where the preponderance of the evidence lies. This duty devolves on the jury trying the case, subject to the supervising control of the trial court. It is only where the preponderance of the evidence is so overwhelming and manifestly against the verdict as necessarily to imply prejudice, passion or corruption on the part of the trier of the fact, that the appellate court will interfere. [Ratcliff v. Lumpee, 82 Mo. App. 335.]

This court, in a recent opinion written by Cox, Judge, said: "The right to a trial by jury is one of the sacred institutions of our law, and it is the duty of the court to preserve it under all circumstances, and no matter how clear the testimony may be or how strongly the court may be convinced that deception and fraud have been practiced, yet the law does not permit him to take from the jury the right of determining the matter.

[Johnson County Savings Bank v. Redfearn, 125 S. W. 224.]"

But where a verdict is the evident result of prejudice, partiality or mistake, an appellate court will not hesitate to interfere therewith; but to authorize it to so interfere, the testimony and surrounding circumstances must be such as to raise the strongest inference that such was the case. [Jackson v. Railroad, 29 Mo. App. 495; Duggan v. Railroad, 46 Mo. App. 266; Weinberg v. Railroad, 139 Mo. 286, 40 S. W. 882; Empey v. Grand Ave. Cable Co., 45 Mo. App. 422; Adler v. Wagner, 47 Mo. App. 25; Mauerman v. Railroad, 41 Mo. App. 348; Spohn v. Railroad, 78 Mo. 44; Tucker v. Railroad, 66 Mo. App. 141; Bates County Bank v. Railroad, 98 Mo. App. 330, 73 S. W. 286; Spiro v. Transit Co., 102 Mo. App. 250, 76 S. W. 684.]

In this case the plaintiff offered the depositions of six disinterested persons who lived at Eufaula, and testified that when the corn arrived at that place, it was wet, soft and mildewed, and damaged so that it was not worth more than forty cents per bushel. These witnesses also testified that the cars the corn was shipped in were in good condition.

In addition to those witnesses, one of the plaintiffs testified that on receiving word that the corn had arrived in bad condition, he went to Alabama to personally look after it, because he believed it was simply a scheme of the commission men to misrepresent the condition of the corn, but when he arrived there, he found it in the condition testified to by the other witnesses.

In passing upon the credibility of the testimony contained in the depositions, there is no reason for conceding to the trial court any advantage over this court. Ordinarily when a witness testifies he personally appears before the trial court, and, therefore, the trial court has an opportunity to observe the conduct of the witness upon the stand and is in a much better position to judge of the weight to be given to his testimony than

is the appellate court. But when the testimony is documentary or in the form of a deposition, the advantage of the trial court does not exist. [Halstead v. Mustion, 166 Mo. 488, 66 S. W. 258; Efron v. Wagner Palace Car Co., 59 Mo. App. 641; Kinney v. Murray, 170 Mo. 674, 71 S. W. 197.]

All the witnesses agreed that the cars were in good condition and that the corn put in such cars dry and in good condition, would not be in the condition that the plaintiffs' testimony shows the corn was when it reached its destination. The trial court did not have the right to reject the testimony regarding the condition of the corn in Alabama. If any reliance can be placed on the testimony of witnesses, and if facts can be proven by testimony, then it was conclusively shown in this case that the corn was greatly damaged when it reached its destination, and the witnesses having agreed that corn put in the car in proper condition would not become damaged as this corn was, a strong case was made for the plaintiffs.

In behalf of the defendant, the testimony showed that one car of the corn was loaded at Grassy Bayou, and three witnesses testified the corn was in good condition, so far as they could observe when it was loaded. The other car was loaded at Canady's switch, and four witnesses testified that the corn was in good condition when it was loaded. It may be said, however, that some of the witnesses testifying to the condition of either car, did not know the condition of all the corn put in the cars. There was some testimony, however, showing that in the fields from which some of the corn was gathered, there was certain green corn, and that parties gathering it were instructed not to get any of the green corn.

On behalf of the plaintiffs, two witnesses testified that they saw the corn as it was being loaded, and that some of it was in bad condition to be shipped, and that the attention of the person loading the corn for the defendant was called to the fact.

If the evidence had been confined to the oral testimony as to the condition of the corn at the time it was loaded, then it may fairly be said that the preponderance of the evidence was with the defendant, but when we are compelled to accept it as a fact that the corn was in bad condition when it arrived in Alabama and that it would not have been in such a condition had it been all right when loaded, then the testimony of the witnesses as to the condition of the corn when it was loaded, is so inconsistent with the physical facts that it should be disregarded. [Nugent v. Milling Co., 131 Mo. 241, 33 S. W. 428; Hook v. Railroad, 162 Mo. 569, 63 S. W. 30; Dunphy v. Stockyards Co., 118 Mo. App. 506, 95 S. W. 301.]

We are of the opinion that the verdict is so manifestly against the evidence, as shown by the physical facts of the case that the plaintiffs are entitled to have the facts passed upon once more by the trial court or a jury empaneled for that purpose.

Having reached this conclusion, the next question is: what damages are the plaintiffs entitled to recover? The general rule is that in suits for damages for failure of the vendor to deliver goods which he had contracted to furnish, the measure of damages is the difference between the price agreed upon and the market value of the property at the time and place of delivery. [Howard v. Haas, 139 Mo. App. 591, 123 S. W. 1048; Black River Lbr. Co. v. Warner, 93 Mo. 374, 6 S. W. 210.] But it seems to us the circumstances in this case justify a different rule. When the cars were loaded it was known by the defendant that they were to be shipped to some distant point, and they were so shipped and the bill of lading therefor with draft attached was sent to the plaintiffs. In order for the plaintiffs to get the bill of lading, it was necessary to pay the draft, and therefore, defendant really controlled the property. [Gill & Fisher v. Commission Co., 84 Mo. App. 456; Scharff v. Meyer, 133 Mo. 428, 34 S. W. 858; Hunter Bros. v. Stanley, 111 S. W. 869.]

If the defendant put corn that was not merchantable into the car and the corn was to have been delivered at Caruthersville, then the difference between the value of the corn at Caruthersville and the amount paid for it, would constitute plaintiffs' damages. But when the corn was to be shipped to another point, and on account of the condition of a certain portion of the corn it was likely to and did damage the other corn so that when the car was opened at its destination, the whole carload of corn was unmerchantable, then the difference between the market value of the corn at Caruthersville and the price paid for it would not be a fair compensation to plaintiffs for their damages. Some of the corn when loaded at Caruthersville might have been undamaged and worth all the plaintiffs paid for it, but when it reached its destination, and on account of it being mixed with other corn, became sour and mildewed and of little value. The defendant by selling the corn to the plaintiffs to be shipped to another point, impliedly warranted that the corn was sound and merchantable, and should be held liable for damages suffered by plaintiffs on account of the corn being in a damaged condition. [Atkins Bros. Co. v. Southern Grain Co., 119 Mo. App. 119, 95 S. W. 949.]

By shipping the corn to Alabama defendant must have known that plaintiffs were shipping the same to be sold and were expecting to realize some profit in the transaction, and defendant must have further known that if the corn was not merchantable upon its arrival that plaintiffs would be unable to sell the same at a fair market price, and that just the amount that they had to accept for the corn less than the market value on account of its unmerchantable condition would be their damages, and plaintiffs were entitled to their bargain. [Young v. Van Natta, 113 Mo. App. 550, 88 S. W. 123.]

The evidence further shows that in order to sell the corn for the price at which it was sold, plaintiffs were to some expense, and it seems to us they should be entitled

in case the issue of the condition of the corn is found in their favor, to recover such expenses. [Young v. Van Natta, 113 Mo. App. 550, 88 S. W. 123; Galbreath v. Carnes, 91 Mo. App. 515.]

The premises considered, we will reverse the judgment and remand the cause for a new trial. All concur.