H. B. KELLY and W. G. KELLY, Partners doing business as KELLY & KELLY, Respondents, v. TIMES SQUARE AUTOMOBILE COMPANY, a corporation, Appellant.

**Kansas City Court of Appeals, April 21, 1913.**

1. **SALES: Damages for Breach of Contract: Instructions.** In a suit brought by the purchaser of some second-hand automobiles from a dealer for damages for failure of the latter to put the automobiles in good running condition f. o. b. cars Kansas City, an instruction given for the plaintiff is examined and held to submit but one disputed question to the jury, namely, whether or not the automobiles were in good running condition when loaded on the cars at Kansas City.

2. ———: ———: **Evidence.** Where second-hand automobiles were purchased from a dealer therein to be shipped to a distant State and there sold at retail, all of which is known to the seller, and he agrees to put the automobiles in good running condition for that purpose, and the claim is that he failed to do this, evidence of the condition the automobiles were in when they arrived at their destination, which condition is of such a nature as to show it did not arise from causes subsequent to the shipment, is admissible to show their condition when shipped.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*Reed & Harvey* for appellant.

(1) (a) It cannot be claimed in this case that there was any express warranty that the machines were fit for any particular use, or that they could be resold. (b) The law does not imply a warranty that an article is fit for a particular intended use, nor that it can be resold. Fairbanks v. Baskett, 98 Mo. App. 69; Davis v. Mallory, 137 Fed. 332, 69 L. R. A. 973; Hotel Co. v. Wharton, 79 Fed. 43. (c) There is no

implied warranty that a second-hand article is fit for its intended use. Norris v. Reinstedler, 90 Mo. App. 626; Ramming v. Caldwell, 43 Ill. App. 175; Joy v. Bank, 32 Tex. Civ. App. 398, 74 S. W. 325. (2) The court commited error in admitting testimony as to the condition of the machines when they reached North Dakota. 35 Cyc. 399; Mann v. Everston, 32 Ind. 355; Leggatt v. Brewing Co., 60 Ill. 158.

*Ed. E. Aleshire* for respondents.

Appellant seems to go upon the theory that there was no implied warranty as to condition of these cars and that in the absence of such implied warranty they could not be held responsible for cars in bad condition. We have examined Fairbanks v. Baskett, 98 Mo. App. 69, and Morris v. Reinstedler, 90 Mo. App. 626, and have been unable to find anything in these cases that can in the least affect plaintiff's right to a recovery. While the petition states that the cars were purchased for the purpose of being sold to farmers and the evidence of Mr. McClellan makes the same statement, it seems to us that appellant's objection to the instruction is not warranted. We take it for granted that automobiles of this kind and character when they are purchased are to be sold and it is apparent even to a nonexpert that they are to be sold for the purpose of being used. The evidence in this case shows that plaintiff advised defendant that the cars were going to be shipped to North Dakota to be sold to farmers and defendant agreed with them that they would sell well to the farming trade.

TRIMBLE, J.—This suit is over the sale of some second-hand automobiles by defendant to plaintiffs. By the terms of the purchase defendant agreed to repaint the cars and put them in good running condi-

tion f. o. b. cars at Kansas City, Missouri. The evidence of the negotiations between the parties resulting in the sale shows that the automobiles were bought to be shipped to North Dakota and there retailed. The petition so alleges and the evidence discloses that defendant was fully aware of this fact and assured plaintiffs it would put the machines in good running condition on board the cars for shipment to that State for such purpose.

The suit is for damages for failure to put the cars in good running order on board the cars at Kansas City, plaintiffs claiming they were not in such order when shipped, and defendant insisting that they were. This disputed question was submitted to a jury and a verdict was returned in favor of plaintiffs assessing their damages at $873.

There are two assignments of error, one as to an instruction given for plaintiffs and the other as to the admission of evidence offered by plaintiffs to show the bad condition the automobiles were in when they reached their destination in North Dakota. This evidence tended to show, and was offered for the purpose of showing, the running condition of the automobiles when put on board the cars at Kansas City. The condition of the machines when received in Dakota was of such a nature that they must have been in that condition when shipped by defendant at Kansas City, and was not such a condition as would or might be caused by injury received in transit or adjustment unsuited to the change in climate. This being so, such evidence was clearly admissible to show that the automobiles were not in good running condition when placed on board the cars at Kansas City. [Adkins Bros. v. Grain Co., 119 Mo. App. 119, l. c. 123; Neil v. Cunningham, 149 Mo. App. 53.]

The instruction complained of told the jury, in effect, that if they believed plaintiffs purchased the automoblies from defendant and paid the price there

for and that defendant agreed to repaint said automo-
biles and put them in good running condition f. o. b.
cars at Kansas City, Missouri, and that plaintiffs re-
lied on defendant to put said automobiles in good run-
ning condition, and ''if you find and believe from the
evidence that when two of the motor cars were loaded
on the cars for shipment in Kansas City, Mo., were
not in good running order, *and that they were unfit to
be used for the purpose for which they were purchased
and that they were unable to sell or dispose of two of
said cars on account of their condition when shipped,*
and that they were by reason thereof of no value to
plaintiff, then you will find for plaintiffs and assess
their damages at the full purchase price of said two
cars, or if they were of any value to plaintiffs, then
the difference between the purchase price of said cars
and the actual market value of said two cars in the
condition they were in and, etc.''

The italics in the above instruction show the por-
tion thereof complained of as error. It is insisted that
there was no express warranty that the machines were
fit for any particular use or that they could be resold;
and that the law does not imply a warranty that an
article is fit for a particular intended use, or that it
can be resold, and that the italicized portion of said
instruction submits said issues to the jury.

It may be observed that, under proper circum-
stances, an implied werranty of fitness does arise if
goods are purchased for a particular purpose of which
the buyer informs the seller, and the rule applies es-
pecially if the seller is a dealer in the article. It is
not necessary, however, for us to decide whether this
rule applies to the particular facts here presented,
since the instruction does not, as we view it, submit
such issues to the jury.

The instruction submits to the jury the question
of the condition of the automobiles when loaded by
defendant on the cars at Kansas City, and requires

the jury to find that they were not in good running order when so loaded before a verdict in plaintiff's favor can be returned. The italicized clause in reference to thir unfitness to be used for the purpose for which they were bought, and the inability to sell them, is expressly required to be found to exist ''on account of their *condition when shipped.''* It does not lead or authorize the jury to believe that even if the automobiles were in good condition when put on board the cars, yet if they were unfit for use in Dakota or could not be sold by plaintiffs, still plaintiffs could recover. In fact, the unfitness of the automobiles for use and their unsalability is expressly required to grow out of the bad condition of the machines when loaded for shipment, at which time defendant agreed they would be in good condition. This clause as to unfitness and unsalability was not inserted as a ground of recovery. It bears solely on the question as to the value of the machines if they were not in good running condition when loaded for shipment, that is, as to whether they were of any value. The only question submitted as a ground of recovery was whether or not the automobiles were in good running condition when loaded. The defendant's instruction told the jury that if they believed from the evidence the defendant loaded the automobiles in good running condition, then the verdict must be for defendant regardless of the condition of the automobiles when received at their destination. The jury were also instructed that the burden of proof was on plaintiffs. Thus, but one question of fact was submitted to the jury namely, the running condition of the automobiles when delivered on board the cars at Kansas City. The jury found for plaintiffs and were the sole judges of that issue. We do not think the jury could have been misled or deceived by the instruction. Accordingly the judgment is affirmed. All concur.